## T. C. HURST & SON v. FEDERAL TRADE COMMISSION et al.

(District Court, E. D. Virginia.  October 2, 1920.)

1. **Commerce ☞7—Constitutional law ☞62, 240(1), 296(1)—Eminent domain ☞2(1)—Trade Commission Act constitutional.**

   Federal Trade Commission Act Sept. 26, 1914, §§ 5, 6, 9, 10 (Comp. St. §§ 8836e, 8836f, 8836i, 8836j), in authorizing the commission to prevent unfair methods of competition in commerce by proceeding against any person, firm, or corporation believed to be using such unfair methods, with the right to have access to and require the production of documentary evidence, and after a hearing to order the respondent to cease and desist from using such methods, such order however being enforceable only by the Circuit Court of Appeals, in which a full transcript of the proceedings is required to be filed, and which is given exclusive jurisdiction to affirm, modify, or set aside the order, *held* not unconstitutional: (1) As beyond the constitutional power of Congress; or (2) as delegating legislative power to the commission, because it is empowered to determine what shall constitute unfair methods of competition in commerce; or (3) because it attempts to regulate intrastate commerce; or (4) because the proceedings authorized discriminate between persons engaged in the same line of business and take the property of one without due process of law and without just compensation.

2. **Trade-marks and trade-names ☞68—Gifts or allowances to customer's employé by merchant, without knowledge of employer, held unfair.**

   The Federal Trade Commission has the right to decide that gratuities or allowances by a merchant to an employé or agent of customer, without the knowledge or consent of the employer, is unfair, and may order persons giving the same to cease and desist therefrom.

3. **Injunction ☞7—Proceedings by Trade Commission will not be enjoined.**

   A District Court will not grant an injunction restraining the Federal Trade Commission from examining the books and records of a person charged with using unfair methods of competition in commerce, as authorized by Federal Trade Commission Act Sept. 26, 1914, § 9 (Comp. St. § 8836i), in view of the fact that by section 5 (section 8836e) of the act the Circuit Court of Appeals is given exclusive jurisdiction to review proceedings of the Commission.

In Equity.  Suit by T. C. Hurst & Son against the Federal Trade Commission and its members and counsel.  On motion for preliminary injunction.  Motion denied.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Henry Bowden and H. G. Cochran, both of Norfolk, Va., for complainants.

E. C. Alvord and Charles S. Moore, both of Washington, D. C., for defendants.

WADDILL, District Judge. The bill in equity in this case is filed by the complainants, who are engaged in carrying on and conducting business as ship chandlers, supplying ships with provisions and supplies, and delivering such provisions and supplies to ships within the state of Virginia, against the above-named defendants, to enjoin and restrain them and each of them, their agents, servants, employés, and subordinates, from prosecuting a certain complaint inaugurated by the commission pursuant to its order of the 29th of June, 1920, against the complainants, T. C. Hurst & Son, wherein it is averred and charged that the said T. C. Hurst & Son, at Norfolk, Va., while engaged in their business of furnishing merchandise and supplies, such as groceries, provisions, meats, and deck and engine supplies, for transportation in interstate and foreign commerce, to ships engaged in commerce between the states of the United States, and between the United States and foreign countries, and upon foreign and American owned vessels, in direct competition with other firms, copartnerships, and corporations similarly engaged, gave captains, engineers, and other employés of vessels, without the knowledge and consent of the owners thereof, sums of money and other gratuities, as an inducement to influence such employés or owners to purchase supplies from the respondents, the complainants herein, which said acts were charged to be unfair methods of competition in commerce, within the intent and meaning of section 5 of the Act of Congress of September 26, 1914 (Comp. St. § 8836e), creating the Federal Trade Commission.

The said complainants further sought to enjoin and restrain the commission, its members, agents, and attorneys, from enforcing, or attempting to enforce, or causing to be enforced against the complainants, its members, agents, servants, employés, or customers, any of the penalties, seizures, and forfeitures provided in the act of Congress aforesaid, creating the Federal Trade Commission, dated September 26, 1914, 38 Stat. 717 (Comp. St. §§ 8836a–8836k), entitled "An act to create a Federal Trade Commission, to define its powers and duties, and for other purposes," and from arresting and prosecuting, or in any wise interfering with, the proper business and affairs of the complainants, and from requiring them to produce before the commission, or its examiners or agents, the books, records, papers, and documents bearing on and showing their said business, and to enjoin and restrain the commission and its representatives from examining said books, records, papers, and documents.

[1] The complainants aver that sections 5, 6, 9, and 10 (Comp. St. §§ 8836e, 8836f, 8836i, 8836j) of the act creating the commission are unconstitutional and void: (a) Because beyond the powers vested in Congress by the Constitution; (b) because they delegate to the commission, legislative authority, in violation of articles 1 and 3, and Amendment 10 of the Constitution; (c) because the commission is

empowered to define and determine what shall constitute "unfair method of competition in commerce"; (d) because the act attempts to regulate intrastate as well as interstate commerce; and (e) because the order and proceedings sought to be enjoined discriminate between persons engaged in the same line of business, and take away the property of one without due process of law, and without just compensation, in violation of the fifth, sixth, ninth, and tenth Amendments of the Constitution, without molesting the other, and for other alleged grievances more particularly and specifically set up in the bill of the complainants.

The importance of this case to the government is manifest, as it seeks in effect to stay the hand and destroy the efficiency of one of the great commissions created by Congress to deal with matters committed to its authority and control. The constitutionality of the act itself is challenged; also the right of the commission to decide what shall constitute unfair competition, and of Congress to authorize it so to do, as well as the manner in which the commission may proceed in the discharge of its duties to determine what is unfair competition; the specific complaint being that the commission may not proceed against a particular person, firm, or corporation, believed to be engaged in unfair competition, but must in the same proceeding include all other persons similarly engaged.

[2] With a view of showing just what the commission is empowered to do, and what authority and jurisdiction this court has to act in respect thereto, reference should be had to the provisions of the act of Congress in question. Section 5 of the act is as follows:

"Sec. 5. That unfair methods of competition in commerce are hereby declared unlawful.

"The commission is hereby empowered and directed to prevent persons, partnerships, or corporations, except banks, and common carriers subject to the acts to regulate commerce, from using unfair methods of competition in commerce.

"Whenever the commission shall have reason to believe that any such person, partnership, or corporation has been or is using any unfair method of competition in commerce, and if it shall appear to the commission that a proceeding by it in respect thereof would be to the interest of the public, it shall issue and serve upon such person, partnership, or corporation a complaint stating its charges in that respect, and containing a notice of a hearing upon a day and at a place therein fixed at least thirty days after the service of said complaint. The person, partnership, or corporation so complained of shall have the right to appear at the place and time so fixed and show cause why an order should not be entered by the commission requiring such person, partnership or corporation to cease and desist from the violation of the law so charged in said complaint. * * * If upon such hearing the commission shall be of the opinion that the method of competition in question is prohibited by this act, it shall make a report in writing in which it shall state its findings as to the facts, and shall issue and cause to be served on such person, partnership, or corporation or order, such person, partnership, or corporation to cease and desist from using such method of competition. * * *

"If such person, partnership, or corporation fails or neglects to obey such order of the commission while the same is in effect, the commission may apply to the Circuit Court of Appeals of the United States, within any circuit where the method of competition in question was used or where such person, partnership, or corporation resides or carries on business, for the enforcement of its order, and shall certify and file with its application a transcript of the

entire record in the proceeding, including all the testimony taken and the report and order of the commission. Upon such filing of the application and transcript the court shall cause notice thereof to be served upon such person, partnership, or corporation and thereupon shall have jurisdiction of the proceeding and of the question determined therein, and shall have power to make and enter upon the pleadings, testimony, and proceedings set forth in such transcript a decree affirming, modifying, or setting aside the order of the commission. The findings of the commission as to the facts, if supported by testimony, shall be conclusive. * * * The judgment and decree of the court shall be final, except that the same shall be subject to review by the Supreme Court upon certiorari as provided in section two hundred and forty of the Judicial Code.

"Any party required by such order of the commission to cease and desist from using such method of competition may obtain a review of such order in said Circuit Court of Appeals by filing in the court a written petition praying that the order of the commission be set aside. A copy of such petition shall be forthwith served upon the commission, and thereupon the commission forthwith shall certify and file in the court a transcript of the record as hereinbefore provided. Upon the filing of the transcript the court shall have the same jurisdiction to affirm, set aside, or modify the order of the commission as in the case of an application by the commission for the enforcement of its order, and the findings of the commission as to the facts, if supported by testimony, shall in like manner be conclusive.

"The jurisdiction of the Circuit Court of Appeals of the United States to enforce, set aside, or modify orders of the commission shall be exclusive."

The above extracts from the act of Congress make it clear just what the powers of the Federal Trade Commission are. The method of procedure for carrying out and executing these provisions by the commission is specific, as is also the effect of its decisions, and the manner in which the same may be enforced. The purpose of the act is to make unfair methods of competition in commerce, unlawful, and the commission is empowered and directed to prevent persons, partnerships, or corporations, other than banks and common carriers, subject to the acts to regulate commerce, from using unfair methods of competition in commerce. The power granted is far-reaching in its results, and of a most salutary character. Banks and common carriers were doubtless excepted from the provisions of the act, because each was subject to the direction and control of a separate commission largely similar to that of the Trade Commission.

The contention that the act of Congress is unconstitutional, for any of the reasons specified, is without merit, as it is manifestly within the power of Congress to legislate generally in respect to the burdens that may or may not be imposed upon foreign and interstate commerce, and it is also within its power to declare what would be fair and what unfair methods and dealings in relation thereto, and how the same should be ascertained and determined. The commission is given full power and authority to investigate, make findings of fact, and render its judgment and order in relation thereto, and before the same is carried into effect, the judgment of the Circuit Court of Appeals, the second highest court under the government, is to be sought by the commission, to enforce its order, and any party required by such order to cease and desist from using such method of competition may obtain a review of such order in the Circuit Court of Appeals, by filing its written petition praying therefor. The action of the Circuit Court of

Appeals is final,. save that when its interposition is sought by the commission, certiorari lies from its decision to the Supreme Court of the United States. The jurisdiction of the Circuit Court of Appeals to enforce, set aside, or modify orders of the commission, is exclusive. In all of the proceedings, whether before the commission or the court, the amplest provision is made for notice to and full hearing of all parties interested, and for this court, for any of the reasons urged, to anticipate by injunction the action of the commission, and the judgment of the court charged under the law with the review thereof, would be clearly an usurpation of authority.

[3] Counsel urgently insist that injunctive relief be afforded to prevent the seizure and inspection of the complainant's private papers, books, and. records, showing their business transactions, relating to the subject under investigation. While, undoubtedly, the relief sought may sometimes be afforded by injunction, still it does not seem to the court the proper remedy here, where the enforcement of the orders sought to be enjoined are exclusively within the jurisdiction of the Circuit Court of Appeals. Wilson v. Lambert, 168 U. S. 611, 618, 18 Sup. Ct. 217, 42 L. Ed. 599. From this court's action, as well in refusing as granting an injunction (Judicial Code, § 129 [Comp. St. § 1121]), an appeal lies direct to that court, and it, or a judge thereof, would doubtless stay proceedings sought to be enjoined, where the appeal was from an order refusing an injunction, if in the judgment of the court such action should be necessary to meet the ends of justice.

For the reasons stated, the court, being further of opinion that the commission acted entirely within its rights of and concerning a matter liable to injuriously affect commerce, doth decline to grant the injunction prayed for.