**Rose CHLEBDA, Administratrix of the Estate of Joseph Chlebda, Plaintiff, Appellant,**

v.

**H. E. FORTNA AND BROTHER, INC., Defendant, Appellee.**

No. 79–1138.

United States Court of Appeals, First Circuit.

Argued Oct. 3, 1979.

Decided Nov. 29, 1979.

Marc S. Alpert, Boston, Mass., with whom Terry K. Mond was on brief, for plaintiff, appellant.

Robert A. Curley, Jr., Boston, Mass., with whom Curley & Curley, Boston, Mass., was on brief, for defendant, appellee.

Before COFFIN, Chief Judge, ALDRICH and BOWNES, Circuit Judges.

ALDRICH, Senior Circuit Judge.

In her third amended complaint plaintiff, administratrix of one Joseph Chlebda, sought damages for Chlebda's conscious suffering and wrongful death, allegedly as a result of the negligent design of a forklift, or sideloader manufactured by defendant Raymond Corporation, against defendant appellee H. E. Fortna and Brother, Inc. for its failure to warn of the defect.[1] The suit was brought in the District Court for the District of Massachusetts; plaintiff and Chlebda were Massachusetts citizens; Raymond, a New York corporation, was doing business in Massachusetts, and Fortna was a Pennsylvania corporation. Fortna moved to dismiss for lack of personal jurisdiction, and some days later filed an affidavit in support. This affidavit stated that Fortna had conducted no business in Massachusetts; was not registered, licensed or qualified to do business in Massachusetts; maintained no office or place of business in Massachusetts; engaged in no advertising, marketing or sales activities in Massachusetts; had sold no product and derived no revenue from sales in Massachusetts, and had had no connection with the Raymond sideloader in question.

Plaintiff filed no counter-affidavit, but simply a motion as follows:

"Plaintiff opposes defendant's motion to dismiss. Plaintiff reserves the right to file opposing memorandum, affidavits, interrogatories, after plaintiff receives defendant's affidavits and memorandum."

Apparently this motion was filed while defendant's affidavit and memorandum were in the mail. Plaintiff did not request a hearing pursuant to Local Rule 12(c)(1), but filed a memorandum in opposition to defendant's motion to dismiss, and a week later filed interrogatories and a request for production of documents. The court granted the motion to dismiss. In a short opinion it stated,

"[The discovery sought would] go to the merits of [plaintiff's] claim rather than to the jurisdictional issues. Nothing in the plaintiff's filings contradicts the defendant's affidavit and there is no indication in any of plaintiff's filings that she could meet her burden . . . of showing . . . the minimum contacts which are a prerequisite to obtaining personal jurisdiction over the defendant under the Massachusetts long arm statute, Mass. G.L. c. 223A, § 3(c)."

The claim against Raymond Corporation having been disposed of, plaintiff appeals.

In her statement of issues on appeal plaintiff puts, in various forms, the question whether jurisdiction exists where defendant by "act of omission or commission done outside of Massachusetts" causes foreseeable injury in Massachusetts. As a final issue, she complains that the court dismissed her complaint without waiting for discovery "designed to elicit facts establishing personal jurisdiction."

Abandoning her original statement that the act of omission took place outside of Massachusetts, plaintiff's brief proceeds by claiming under Mass. G.L. c. 223A, § 3(c), for "causing tortious injury by an act or omission *in* this commonwealth," (emphasis added), asserting that the omission occurred where the unwarned person resided. This somewhat metaphysical contention can best be tested by considering whether an omission, viz., a failure to act, may be thought to furnish the minimum

---

1. Plaintiff charged that although Fortna, a Raymond dealer, had not handled the particular sideloader in question, it had known of the defect and should have warned Chlebda or his employer. We are not concerned with whether she has adequately stated a cause of action.

contact with that state that is needed to confer jurisdiction. It seems clear that it could not be. The whole thrust of plaintiff's claim is that there was no contact at all.

It is not to be forgotten that jurisdiction is power, and that originally jurisdiction in personam required presence of the person. While power and presence have become largely symbolic, there still must be some form of submission to the state.

"[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 1958, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283.

Here the very complaint is that defendant did nothing.

■ Alternatively, plaintiff relies on section 3(d),[2] asserting that even though it was a Pennsylvania dealer not connected with the sale of this particular machine, defendant was part of a national dealer network, all of whose members derived benefits from each other. Thus defendant "[e]ngaged in a . . . persistent course of conduct" within the commonwealth. For this assertion, which would seem contradicted by a portion of defendant's affidavit, plaintiff initially relies on the complaint. "These allegations must be taken as proven for purposes of resolving the issue of personal jurisdiction." This is an elementary mistake—to establish personal jurisdiction plaintiff must go beyond the pleadings and make affirmative proof. *Murphy v. Erwin-Wasey, Inc.*, 1 Cir., 1972, 460 F.2d 661; *Weller v. Cromwell Oil Co.*, 6 Cir., 1974, 504 F.2d 927; 2 Moore's Fed. Practice (2d ed. 1979) ¶ 4.41–1[3].

Apparently recognizing that she has made no proof, plaintiff turns to her final stated issue, charging that the court, by deciding the motion to dismiss when it did, cut her off prematurely from proving her case. The court did no such thing. Plaintiff's memorandum submitted to the court supported, both by its content and by the fact that it referred only to section 3(c), the court's announced conclusion that defendant's connection with Raymond's national dealer network, if established, would bear only on liability and was not asserted as jurisdictional. Plaintiff did not return to the court to claim a misunderstanding. Her present attempt to use such facts as jurisdictional under section 3(d) came so late that it was only by amendment to her statement of issues on appeal that she sought to lay the groundwork therefor by claiming that the court cut her off.

■■ Our allowance of this amendment did not add to her rights. Again, it is elementary that, absent a serious miscarriage of justice, a party cannot take a new tack to support an appeal. *Dobb v. Baker*, 1 Cir., 1974, 505 F.2d 1041. We are not tempted, on plaintiff's present allegations, to relax the rule that she is bound by her past procedure, or, more precisely, by her lack of it.

*Affirmed.*

---

2. "(d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth." Mass. G.L. c. 223A, § 3(d).