Dorothy M. FREIMARCK, Plaintiff
vs.
FIRST NATIONAL MONETARY
CORP. and Darwin VITTERS,
Defendants

No. 81-1656-S

United States District Court
Commonwealth of Massachusetts
January 14, 1982

Robert Stolzberg, Esq., counsel for plaintiff.

John K. Markey, Esq., counsel for defendant.

## MEMORANDUM AND ORDER

**Skinner, D.J.** Plaintiff brings this action seeking damages for injuries caused by defendants' allegedly deceptive acts in inducing her to purchase certain commodity futures contracts. Defendants are Darwin Vitters, the account executive who handled plaintiff's account, and the First National Monetary Corporation ("FNMC"), Vitter's employer. This Court has diversity jurisdiction over the matter as plaintiff is a resident of Massachusetts, Vitters of California, and FNMC of Michigan. FNMC has now moved to dismiss plaintiff's complaint.

The allegations of the complaint may be summarized as follows. In the summer of 1980, plaintiff, a retired schoolteacher, noticed FNMC's advertisement of gold krugerrands for sale. In response, she wrote and requested a brochure. Soon after receiving the brochure, she was telephoned by defendant Vitters, who asked if she were interested in purchasing any krugerrands. She said she was not. After several more calls from Vitters and his glowing descriptions of the money to be made, however, she agreed to buy several krugerrands. What she actually bought (and did not realize) was a contract for the future delivery of krugerrands. Over the next few months she made a series of purchases and sales of gold, copper, and silver futures, all at Vitters' direction. The end result of these transactions was a loss to her of almost $65,000.

Plaintiff then filed this suit. She seeks recovery on a number of grounds, including: violations of the Commodity Exchange Act ("CEA"), 7 U.S.C. § 1 **et seq.**; violations of the Massachusetts and California consumer protection statutes, (M.G.L.c. 93A and Cal. Civil Code §§ 1750 **et seq.**); as well as breach of contract, fraud, deceit, and other common law causes of action. Defendant FNMC has moved to dismiss her complaint for: (1) lack of personal jurisdiction; (2) lack of standing under the CEA; (3) federal preemption of the state claims; (4) primary jurisdiction in the Commodity Futures Trading Commission; (5) exemption from M.G.L.c. 93A; and (6) exemption from the California consumer protection statute.

### 1. **Personal Jurisdiction.**

Whether this Court has personal jurisdiction over FNMC is to be decided by reference to the Massachusetts "long-arm" statute, M.G.L.c. 223A, § 3. Under that statute, a two-part test is applied. **Good Hope Industries v. Ryder Scott Co.,** Mass. Adv. Sh. 1155 (1979), 389 N.E.2d 76 (1979). First, the conduct alleged must fit the language of the statute, and second, the assertion of personal jurisdiction over the defendant must be consistent with the Due Process Clause. **Id.**

The facts in this case fit the statutory requirements of M.G.L.c. 223A, § 3(c). That section authorizes the court to exercise jurisdiction over any person, acting on his own or through an agent, who causes a tortious injury by any act within the Commonwealth. It has been applied

to establish jurisdiction over any individual who "knowingly sends into a state a false statement, intending that it should be relied upon to the injury of a resident of that state". **Murphy v. Erwin-Wasey, Inc.,** 460 F.2d 661, 664 (1st Cir. 1972).

That is the situation presented in this case. Plaintiff's deposition reveals that she received numerous phone calls from defendant Vitters exhorting her to purchase certain commodity futures and that she relied upon his representations in deciding to do so. In her complaint, she alleges that Vitters knew his representations were false and were made with an intent to deceive her. In the absence of convincing evidence to the contrary, the allegation of the complaint as reinforced by the plaintiff's deposition must be taken as true. **Id.** at 663, **Chlebda v. H. E. Fortna & Bro., Inc.** 609 F.2d 1022 (1st Cir., 1979). They are sufficient to bring Vitters under the terms of § 3(c) as construed by the Court in **Murphy v. Erwin-Wasey, Inc.** They are also sufficient to bring FNMC under its terms since Vitters was acting on FNMC's behalf. In Massachusetts, a principal is liable for the fraud committed by its agent if the agent was acting within the scope of his authority, as Vitters was here. See, **Harold J. Warren, Inc. v. Federal Mutual Insurance Co.,** 386 F.2d 579, 582 (1st Cir. 1967).

Assertion of personal jurisdiction over FNMC is also consistent with the requirements of due process. As the Court noted in **Murphy v. Erwin-Wasey, Inc.,** an individual who knowingly sends a false statement into a state intending that it be relied upon has thereby "purposefully avail(ed) itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." **Murphy v. Erwin-Wasey, Inc.,** 460 F.2d at 664, quoting, **Hanson v. Denckla,** 357 U.S. 235, 253 (1958). Since FNMC is charged with the actions of its agent Vitters, it too has "purposefully availed" itself of the privilege of conducting activities within the Commonwealth.

Accordingly, FNMC's motion to dismiss for lack of personal jurisdiction is DENIED.

## 2. Commodity Exchange Act.

On November 12, 1981, the United States Supreme Court heard oral argument on the existence of an implied private right of action under the CEA. 50 U.S.L.W. 3411 (Nov. 24, 1981). In light of this fact, I think it is appropriate to reserve my decision on those parts of FNMC's motion to dismiss which are based on the CEA (standing, preemption, primary jurisdiction) until the Supreme Court has released its opinion on the matter.

## 3. M.G.L. chapter 93A.

In Count 8 of her complaint, plaintiff alleges that defendants' action constituted "unfair or deceptive acts of practices in the conduct of any trade" in violation of M.G.L.c. 93A, § 2(a). FNMC responds by arguing that sales of commodity futures contracts are not covered by chapter 93A.

Section 2(b) of chapter 93A provides that in construing section 2(a), the courts should "be guided by the interpretation given by the Federal Trade Commission ("FTC") and the federal courts to section 5(a)(1) of the Federal Trade Commission Act ("FTCA") (15 U.S.C. § 45 (a)(1))." M.G.L.c. 93A, § 2(b), see, **Purity Supreme, Inc. v. Attorney General,** Mass., 407 N.E. 2d 297, 301 (1980). I have not found any FTC or federal case in which alleged deception in the sale of commodity futures contracts stated a claim under section 5(a)(1) of the FTCA. This case seems more similar to those situations in which courts have held that the FTCA does not apply because the conduct is regulated by other statutes and agencies. This approach has long been applied in the banking area. See, **U.S. v. Philadelphia National Bank,** 374 U.S. 321, 336 n. 11 (1963), citing, **T. C. Hurst & Son v. Federal Trade Commission,** 268 F. 874, 877 (D.C. E.D.Va. 1920) (banks are excluded from the FTC's jurisdiction). The same principle was recently used to hold that chapter 93A does not apply to allegedly deceptive practices in the sale of securities because

securities transactions are regulated by the Securities & Exchange Commission and not the FTC. **Palace v. Merrill Lynch, Pierce, Fenner and Smith, Inc.,** No. 80-1831-T, slip op. at 2-3 (D. Mass. Aug. 3, 1981).

A similar approach is appropriate in this case. Regulation of commodity futures trading is the responsibility of the Commodity Futures Trading Commission, see, 7 U.S.C. § 2, not the FTC. As the court in **Palace** noted, "(b)y defining the scope of section 2(a) in terms of the interpretation given to § 5(a)(1) of the Federal Trade Commission Act, the legislature excluded by implication securities transactions." **Id.** The same is true of commodity futures transactions.[1]

Accordingly, Count 8 of plaintiff's complaint is DISMISSED.

## 4. California Consumer Protection Statute.

In Count 11 of her complaint, plaintiff seeks to recover damages under the California Consumers Legal Remedies Act. Cal. Civil Code §§ 1750 **et seq.** She alleges that defendants' actions violated sctions 1770(e) and 1770(g) of that act which prohibit "(r)epresenting that goods or services have…characteristics…which they do not have" and "(r)epresenting that goods and services are of a particular standard, quality, or grade…if they are of another." **Id.** FNMC has moved to dismiss this count on two grounds: (1) that plaintiff failed to follow the required statutory procedures, and (2) that the transactions challenged here are not covered by the statute.

Section 1780 provides that actions seeking to recover under the Act may be brought in certain courts. It requires that, along with the complaint, plaintiff must file an affidavit stating facts which demonstrate that the action has been brought in a proper court. If plaintiff fails to do so, "the court **shall** …dismiss any such action without prejudice." (emphasis supplied) **Id.** § 1780(b). Plaintiff has not filed such an affidivit. Accordingly, Count 11 must be dismissed.

Even if plaintiff had filed such an af-fidavit, however, I do not think she has stated a claim under the statute. Sections 1770(e) and (g) prohibit certain misrepresentations in connection with "goods or services". "Goods" are defined as "tangible chattels bought primarily for personal, family, or household purposes…" **Id.** § 1761(a). The items at issue in this case, commodity futures contracts, are not covered by this definition because they are intangible personal property. Plaintiff does not contest this holding, but argues instead that defendants' actions constituted misrepresentations in connection with "services". That is not what she alleged in her complaint, however. Count 11 charges that defendants' action "included…misrepresentation of the characteristics of the **contracts** plaintiff bought, and false representations of the standard, quality and grade of said **contracts**…" (emphasis supplied). Since the commodities futures contracts at issue here are not "goods" under the statute, plaintiff has failed to state a claim upon which relief can be granted.

**Walter Jay Skinner**
**United States District Judge**

---

1. The case of **Commonwealth of Massachusetts v. Lloyd, Carr & Co.,** (1978) Comm.Fut.L.Rep. (CCH) ¶20, 561, cited by plaintiff, does not address the effect of § 5(a)(1) of the FTCA on the scope of M.G.L.c. 93A.