Raymond G. LaVOIE, Plaintiff,

v.

GENERAL AEROSPACE MATERIALS CO., INC., United Technologies Corporation and General Electric Company, Defendants.

Civ. A. No. 83–0492–C.

United States District Court,
D. Massachusetts.

Feb. 14, 1984.

Robert D. Epstein, Michael J. McCormack, McCormack & Epstein, Boston, Mass., for plaintiff.

Joel F. Pierce, Morrison, Mahoney & Miller, Peter V.N. Henderson, Boston, Mass., for General Aerospace Materials Co., Inc.

John J. Curtin, Pamela J. Wood, Bingham, Dana & Gould, Boston, Mass., for United Technologies Corp.

Walter G. Murphy, Murphy & Mitchell, Boston, Mass., for General Elec. Co.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a product liability action brought by Raymond LaVoie, a Massachusetts resident, against United Technologies Corporation, a Delaware corporation with its principal place of business in states other than Massachusetts.[1] The case is before the Court on defendant's motion to dismiss for lack of personal jurisdiction. Plaintiff alleges that this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1333.

Plaintiff bears the burden of proving that the Court has personal jurisdiction over the defendant. *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 904 (1st Cir.1980). To make a prima facie showing of jurisdictional facts, the plaintiff "must go beyond the pleadings and make affirmative proof." *Chlebda v. H.E. Fortna & Bro., Inc.*, 609 F.2d 1022, 1024 (1st Cir.1979). The Court may consider affidavits relevant to the question of jurisdiction. *Jackson v. Sargent*, 394 F.Supp. 162, 165 n. 1 (D.Mass.1975). Here, both parties have submitted affidavits. When considering a motion to dismiss, the Court must treat the facts contained in plaintiff's complaint and affidavits as true, and it must resolve any dispute in the facts in favor of the plaintiff. *Murphy v. Erwin-Wasey, Inc.*, 460 F.2d 661, 663 (1st Cir.1972). For the purposes of this motion, the following facts are taken as true.

Plaintiff LaVoie was employed by Hansen Engineering and Machine Company ("Hansen") of Danvers, Massachusetts, from 1960 to 1981. Hansen is in the business of grinding metal parts for the aerospace industry. Other companies supply Hansen with materials which Hansen then grinds to meet precise specifications. During the period of plaintiff's employment at Hansen, Hansen manufactured parts for Pratt & Whitney Aircraft, a division of defendant United Technologies Corporation ("UTC"). Pratt & Whitney supplied forgings to Hansen which the latter would machine, turn, and grind to specifications. On some occasions, Pratt & Whitney would not supply Hansen with the materials, but rather would specify that Hansen use particular parts manufactured by a designated company for the job.

Except for the production work contracted out to Hansen by Pratt & Whitney, UTC does not do business in Massachusetts. It has no offices, agents or employees domiciled in Massachusetts; has no warehouses, inventory, capital equipment, or real or personal property within Massachusetts; holds no directors' or stockholders' meetings in Massachusetts; conducts no commercial sales activities and manufactures no products within Massachusetts.

---

1. Two other corporations were named as defendants in this lawsuit. All claims against defendant General Aerospace Materials Co., Inc., a New York corporation, were dismissed by stipulation of the parties on December 5, 1983. General Electric Co., also a New York corporation, remains a defendant in the suit and has not filed a motion to dismiss.

Plaintiff alleges in his complaint that the materials supplied by Pratt & Whitney contained beryllium. Neither Pratt & Whitney nor UTC provided Hansen with warnings, instructions or information concerning safety precautions to be observed by persons coming into contact with products containing beryllium. It is alleged by plaintiff LaVoie that, in the course of his employment, he came into contact with these materials and, as a result, he developed berylliosis, a serious lung disease. Plaintiff alleges that berylliosis has caused him great pain, mental anguish and financial loss for which he seeks to recover damages in the amount of $1,500,000.

■ It is well-settled that the law of the forum state determines the amenability of a foreign corporation to suit in a diversity action in federal court. *E.g., Caso v. Lafayette Radio Electronics Corp.,* 370 F.2d 707 (1st Cir.1966). In this case, plaintiff asserts that the Court has jurisdiction over the defendant corporation pursuant to the Massachusetts long-arm statute, M.G.L. ch. 223A, § 3(a), (c) and (d). Chapter 223A, § 3 reads, in relevant part:

A [Massachusetts] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action ... arising from the person's (a) transacting any business in this commonwealth; ... (c) causing tortious injury by an act or omission in this commonwealth; [or] (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth ....

M.G.L. ch. 223A, § 3(a), (c) and (d). Defendant UTC contends that the dealings of its division, Pratt & Whitney, with plaintiff's employer are insufficient to meet the requirements of § 3(a), (c) or (d) and that as a consequence this Court does not have *in personam* jurisdiction over it.

The Court of Appeals for the First Circuit has noted on several occasions that Massachusetts courts have construed the statutory language of § 3 as imposing constraints on the assertion of *in personam* jurisdiction in addition to those imposed by the Constitution. *Nova Biomedical Corp. v. Moller,* 629 F.2d 190, 192 (1st Cir.1980). The jurisdictional analysis is thus twofold: "(1) is the assertion of jurisdiction authorized by the statute, and (2) if authorized, is the exercise of jurisdiction under [s]tate law consistent with basic due process requirements mandated by the United States Constitution?" *Hahn v. Vermont Law School,* 698 F.2d 48, 50 (1st Cir.1983), *quoting Good Hope Industries, Inc. v. Ryder Scott Co.,* 378 Mass. 1, 389 N.E.2d 76 (1979). Only when both questions are answered affirmatively may a court exercise jurisdiction over a given defendant.

■ Based on the undisputed facts discussed above, I rule that defendant's contacts with Massachusetts are sufficient to meet the requirements of the state's long-arm statute. Affidavits submitted by defendant itself show that Hansen, a Massachusetts company, has been doing substantial amounts of manufacturing work for a division of UTC from 1965 to the present. Though defendant asserts that Pratt & Whitney does not presently sell materials or services to Hansen, it does not contradict plaintiff's contention that Pratt & Whitney has, in the past, supplied or specified the materials used by Hansen in its work. Plaintiff claims that his injuries were caused by the materials supplied or specified by Pratt & Whitney. By these facts, plaintiff has made a sufficient showing that his cause of action arose from defendant's activities relative to Massachusetts. *See* M.G.L. ch. 223A, § 3.

Defendant argues that plaintiff cannot satisfy the requirements of the long-arm statute unless he shows that the materials Pratt & Whitney supplied to Hansen contained beryllium.[2] Without such a show-

---

**2.** Defendant offers two affidavits in which the affiants state that the parts produced for Pratt & Whitney by Hansen did not contain beryllium.

ing, defendant contends, plaintiff's injury, and thus his cause of action, could not have arisen from defendant's activities. The Court does not accept this argument which confuses proof of jurisdiction with proof of liability. The existence of beryllium, or lack thereof, in the materials supplied by Pratt & Whitney is an issue that goes to the merits of plaintiff's claim. At this stage in the proceeding, plaintiff need not make a full showing on the merits proving that the defendant committed the tort. *Block Industries v. DHJ Industries, Inc.,* 495 F.2d 256 (7th Cir.1974). Plaintiff need only establish jurisdiction, and he has done so. The beryllium issue can be dealt with more appropriately on a motion for summary judgment.

Having ruled that the Massachusetts long-arm statute authorizes this Court to assert jurisdiction, the next matter to consider is whether the assertion of jurisdiction is consistent with the requirements of due process. In *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny, the United States Supreme Court determined that a court may assert jurisdiction over a person only if that person has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" 326 U.S. at 316, 66 S.Ct. at 158. A court's analysis should focus on the interests and on the activities of the foreign defendant in the forum state, *Hahn v. Vermont Law School,* 698 F.2d at 51, and on whether the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958).

Here the defendant voluntarily entered into a business relationship with Hansen which has lasted for almost twenty years. For at least part of this time, the defendant shipped materials into Massachusetts to be used in the manufacture of its products. During the entire period, defendant caused numerous products to be manufactured by Hansen in Massachusetts and then shipped out of state. The record shows, and I find, that defendant purposefully engaged in activities in the Commonwealth, and I rule that defendant's conduct and connection with Massachusetts "are such that [it] should reasonably anticipate being haled into court [here]." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

Order accordingly.

Plaintiff's affidavit does not expressly dispute this.