[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE COUNTERCLAIM
This foreclosure matter comes to the court on the plaintiff's motion to strike the defendant's counterclaim based on the Connecticut Unfair Trade Practices Act (CUTPA), Connecticut general statutes section 42-110a, et seq.
The plaintiff Washington Trust Company of Westerly, Rhode Island, has instituted this action naming numerous defendants in a one-count complaint requesting strict foreclosure of a certain mortgage on real estate located in Stonington and other forms of relief. The plaintiff in the complaint alleges that the defendant Alland Associates mortgaged the real property to the plaintiff to secure the payment of a promissory note in the original principal amount of $760,000.00. The construction mortgage note in that amount states that the defendants Allen E. Hull and Andrew C. Black are the makers of the note. There are additional allegations in the complaint that the note is guaranteed by the individual defendants Allen E. Hull, Carol S. Hull, Andrew C. Black and Margaret K. Black. The plaintiff alleges that the note is in default and that demand has been made of the entire balance. Other defendants in the action are tenants on the property and prior and subsequent encumbrances.
An answer was filed by the defendants Allen E. Hull and Carol S. Hull (hereinafter "Hulls") on January 14, 1991, wherein a counterclaim was asserted based upon CUTPA. The plaintiff moved to strike the counterclaim on January 25, 1991 and filed a memorandum in support. The Hulls filed a memorandum in opposition.
A party may contest in a motion to strike "the legal sufficiency of the allegations of any. . .counterclaim." Connecticut Practice Book section 152(1). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, 196 Conn. 91, 108 (1985). "(A) trial court must take the facts to be those alleged in the (counterclaim). . .and cannot be aided by the assumption of any facts not therein alleged." Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348 (1990).
The plaintiff argues in support of its motion to strike that the Hulls have failed to state a legally sufficient claim under the Connecticut Unfair Trade Practices Act, Connecticut General Statutes section 42-110a et seq. They specifically argue that CUTPA is not applicable to banks.
The Hulls in their memorandum claim that no appellate authority exists regarding the applicability of CT Page 3125 CUTPA to banks and that the Superior Courts are split on the issue. The Hulls further argue that the court should find that CUTPA applies to banks.
The Hulls' counterclaim alleges the following:
 1. The (Hulls) are the makers of a certain note to the Plaintiff in the original principal amount of $760,000.00 dated November 18, 1988.
. . .
 3. Said note is secured by a mortgage on property located at Stonington, Connecticut, which is the subject of this foreclosure action.
 4. Upon information and belief the Plaintiff made advances under said mortgage note without the request of the mortgagor and contrary to the agreement of the parties hereto; that advances may have been made contrary to the commitment letter with regard to the use of the funds represented by the mortgage note and deed being foreclosed herein; that funds received by the Plaintiff from rent payments were not applied to the outstanding debt nor account (sic) for.
 5. Said actions of the Plaintiff constitute a violation of (CUTPA).
CUTPA provides that "(n)o person shall engage in unfair methods of competition and unfair acts or practices in the conduct of any trade or commerce." Connecticut General Statutes section 42-110b(a).
In this case the Hulls have not alleged sufficient facts for the court to determine whether or not the plaintiff's actions constitute a violation of CUTPA. The Hulls have not alleged facts to show that the bank's actions "offend public policy," are "unfair," "immoral, unethical, oppressive or unscrupulous," or that the Hulls have suffered "substantial injury." See Conway v. Prestia, 191 Conn. 484, 492-93 (1983).
Even if properly alleged, however, the CUTPA claim could not be sustained against a bank since they are otherwise regulated by the State. See Russell v. Dean Witter Reynolds, Inc., 200 Conn. 172, 177-179 (1986); Hurst v. Federal Trade CT Page 3126 Commission, D.C. Va. 268 F. 874 (1920).
Therefore, the facts as alleged are insufficient to state a claim for relief under CUTPA and the motion must be granted on those grounds.
LEUBA, J.