**Maria del Pilar GONZALEZ–LOPEZ, Plaintiff**

v.

**CIGNA GROUP INSURANCE, et al., Defendant(s).**

**Civil No. 08–1294 (JAG).**

United States District Court, D. Puerto Rico.

Oct. 14, 2008.

Jose A. Miranda–Daleccio, Miranda Cardenas & Cordova, San Juan, PR, for Plaintiff.

Rosa M. Cruz–Niemiec, Cruz Niemiec & Vazquez, Harold D. Vicente–Colon, Vicente & Cuebas, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is co-defendants Inter American University of Puerto Rico ("IU"), CIGNA Group Insurance ("CIGNA Group"), and CIGNA Corporation's ("CIGNA Corp.")(collectively "Defendants") Motion to Dismiss. (Docket No. 30). For the reasons set forth below, the Court **GRANTS** in part and **DENIES** in part Defendants' Motion to Dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

A disability Income Policy ("the Policy") was issued by co-defendant Life Insurance Company of North America ("LICNA") for the benefit of IU employees. The Policy is an employee benefit plan protected by the Employee Retirement Income Security Act of 1974 ("ERISA").

Maria del Pilar Gonzalez Lopez ("Plaintiff") was employed by IU and was a beneficiary of the Policy. According to Plaintiff, she became disabled due to a physical and mental condition. Plaintiff requested disability benefits from LICNA, however, they were denied. Thereafter, on July 30, 2008, Plaintiff filed the present ERISA claim against IU, LICNA, CIGNA Corp., and CIGNA Group. (Docket No. 18).

On September 9, 2008, Defendants moved to dismiss Plaintiff's claims against them. Specifically, Defendants allege that all claims against IU and CIGNA Corp. should be dismissed because the complaint fails to include any allegations against them. Moreover, Defendants contend that Plaintiff's claims against CIGNA Group should be dismissed because CIGNA Group is the trade or commercial name grouping different legal entities that offer life, health, and disability insurance products and not a legal entity with a separate legal existence. Defendants also stress that CIGNA Corp. is merely the parent company of LICNA, which is not liable for the acts of its subsidiaries. Additionally, Defendants moved to dismiss Plaintiff's claims against CIGNA Corp. for lack of personal jurisdiction. (Docket No. 30).

## STANDARD OF REVIEW

1. *Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss Standard*

■ In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court recently held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95–96 (1st Cir.2007)(quoting *Twombly*, 127 S.Ct. at 1967). While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 1965.

The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23(quoting *Correa–Martinez*, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

2. *Standard for Motion to Dismiss under Rule 12(b)(2)*

■ Under Rule 12(b)(2), a defendant may move to dismiss an action against him

for lack of personal jurisdiction. *See* Fed. R.Civ.P. 12(b)(2). When such a motion to dismiss is presented, the plaintiff bears the burden of showing that jurisdiction exists. *Ealing Corp. v. Harrods Ltd.*, 790 F.2d 978, 979 (1st Cir.1986); *Dalmau Rodriguez v. Hughes Aircraft Co.*, 781 F.2d 9, 10 (1st Cir.1986).

■ There are different methods of adjudicating a motion to dismiss for lack of personal jurisdiction. Each method has a different standard concerning what kind of showing the plaintiff must make to survive the defendant's motion to dismiss. The most commonly used method employs a *prima facie* standard. *Boit v. Gar–Tec Products, Inc.*, 967 F.2d 671 (1st Cir.1992). Under the *prima facie* standard, the district court determines "whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." *Id.* at 675. The *prima facie* showing of personal jurisdiction must be based on evidence of specific facts set forth in the record. *Kowalski v. Doherty, Wallace, Pillsbury & Murphy*, 787 F.2d 7, 9 (1st Cir.1986). Unsupported allegations in the pleadings do not contribute to the *prima facie* showing of personal jurisdiction. *Chlebda v. H.E. Fortna & Bro. Inc.*, 609 F.2d 1022, 1024 (1st Cir.1979). Moreover, the *prima facie* showing of personal jurisdiction must be based on evidence that goes beyond the pleadings. *Foster–Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir.1995). "The plaintiff ordinarily cannot rest upon the pleadings but is obliged to adduce evidence of specific facts." *Id.* "In determining whether a *prima facie* showing has been made, the district court is not acting as a factfinder. It accepts properly supported proffers of evidence by a plaintiff as true." *Boit*, 967 F.2d at 675.

## DISCUSSION

### 1. *CIGNA Group*

Defendants aver that the claims against CIGNA Group should be dismissed because CIGNA Group is a registered trademark and not a legal entity which has separate legal existence. In support of this allegation, Defendants submitted CIGNA Group's registration number with the U.S. Patent and Trademark Office.[1] In addition to stating that there is no legal entity by the name of CIGNA Group, LICNA acknowledged that it alone issued and administered the Policy and, therefore, is the only proper defendant. This Court finds that CIGNA Group is not a legal entity and, as such, cannot be sued. Consequently, Plaintiff's claims against CIGNA Group will be dismissed. *See, e.g., Termini v. Life Ins. Co. of N. Am.*, 464 F.Supp.2d 508, 518 (E.D.Va.2006)(dismissing claims against CIGNA Group because it is not a legal entity); *Heslin–Kim v. CIGNA Group Ins.*, 377 F.Supp.2d 527, 529 n. 1 (D.S.C.2005)(noting that CIGNA Group could not be a defendant because it is a service mark and not a legal entity); *Parra v. Life Ins. Co. of N. Am.*, 258 F.Supp.2d 1058, 1069 n. 1 (N.D.Cal.2003) (holding that the ERISA claims against CIGNA Group should be dismissed with prejudice because it was not a proper party since it is not a legal entity and, therefore, does not have the capacity to sue or be sued).

### 2. *CIGNA Corp.*

Defendants contend Plaintiff's claims against CIGNA Corp. should be dismissed

---

1. In assessing a motion to dismiss under Fed. R.Civ.P. 12(b)(6), this Court may review "documents outside of the pleadings where they are undisputed, central to plaintiffs' claims, and sufficiently referred to in the complaint or incorporated into the movant's pleadings." *In re Citigroup, Inc.*, 535 F.3d 45, 52 (1st Cir.2008)(citing *Curran v. Cousins*, 509 F.3d 36, 44 (1st Cir.2007)).

because it is merely the parent company of LICNA, which is not liable for the acts of its subsidiaries. Furthermore, Defendants argue that CIGNA Corp. does not conduct business in Puerto Rico and is, therefore, not subject to personal jurisdiction in Puerto Rico. In support of their arguments, Defendants stress that "[i]t is a general principle of corporate law ... that a parent corporation is not liable for the acts of its subsidiaries." *United States v. Bestfoods,* 524 U.S. 51, 61, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998)(internal quotations omitted). Accordingly, "[t]he mere fact that a subsidiary company does business within a state does not confer jurisdiction over its nonresident parent, even if the parent is sole owner of the subsidiary." *Escude Cruz v. Ortho Pharmaceutical Corp.,* 619 F.2d 902, 905 (1st Cir.1980).

■ "A district court may exercise authority over a defendant by virtue of either general or specific jurisdiction." *Massachusetts Sch. of Law v. ABA,* 142 F.3d 26, 34 (1st Cir.1998). General jurisdiction exists when the lawsuit is not directly based on the defendant's contacts with the forum, but when the defendant has engaged in systematic and continuous activities in said forum. *Foster–Miller v. Babcock & Wilcox Can.,* 46 F.3d 138, 144 (1st Cir.1985). In the absence of general jurisdiction, a court's power depends upon the existence of specific jurisdiction. *Massachusetts Sch. of Law,* 142 F.3d at 34. Specific jurisdiction exists when "the cause of action arises directly out of, or relates to, the defendants' forum-based contacts." *See United Electrical Workers v. 163 Pleasant St. Corp.,* 960 F.2d 1080, 1088–89 (1st Cir.1992). The existence of "minimum contacts" between the nonresident defendant and the forum is the critical factor in both general and specific personal jurisdiction calculus. *Negron–Torres v. Verizon Communs., Inc.,* 478 F.3d 19, 24 (1st Cir. 2007). "It is axiomatic that a court asserting jurisdiction over a nonresident defen-

dant must find that the defendant maintains sufficient contacts with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.*

■ As mentioned above, when ruling on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the *prima facie* standard governs its determination. *United States v. Swiss Am. Bank, Ltd.,* 274 F.3d 610, 618 (1st Cir.2001). Under this standard, it is Plaintiff's burden to prove the necessary facts to establish that CIGNA Corp. is indeed amenable to judicial proceedings in this forum. *Jet Wine & Sprits, Inc. v. Bacardi & Co.,* 298 F.3d 1, 7 (1st Cir.2002); *Kowalski v. Doherty, Wallace, Pillsbury & Murphy, Attorneys at Law,* 787 F.2d 7, 8 (1st Cir.1986). Plaintiff has the burden to establish that personal jurisdiction over the defendant exists because the Due Process Clause of the Federal Constitution protects an individual's liberty interest in not being subject to binding judgments of a forum with which he has established no meaningful contacts, ties, or relations. *Hoyos–Aliff v. Fomento De Construcciones Y Contratas, S.A.,* 2006 WL 852065, at *2, 2006 U.S. Dist. LEXIS 19559, at *5–6 (D.P.R. Mar. 27, 2006)(internal citations omitted).

Plaintiff must demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution. *United States v. Swiss Am. Bank, Ltd.,* 274 F.3d 610, 618–619 (1st Cir.2001)(citing *United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.,* 987 F.2d 39, 43 (1st Cir.1993)). "Puerto Rico's long-arm statute allows Puerto Rico courts to exercise jurisdiction over a non-resident defendant if the action arises because that person: (1) '[t]ransacted business in Puerto Rico personally or through an agent'; or (2)

'participated in tortious acts within Puerto Rico personally or through his agent.'" *Negron–Torres v. Verizon Communs., Inc.*, 478 F.3d 19, 24 (1st Cir.2007)(citing P.R. Laws Ann. tit. 32, App. III, R. 4.7(a)(1); *Rodriguez v. Fullerton Tires Corp.*, 937 F.Supp. 122, 124 (D.P.R.1996)). The First Circuit has held "that the reach of Puerto Rico's long-arm statute stretches up to the point allowed by the Constitution." *Id.*(internal citations omitted).

"The *prima facie* showing must be based upon evidence of specific facts set forth in the record." *Id.* To meet this requirement, the plaintiff must "go beyond the pleadings and make affirmative proof." *Id.* (internal quotation marks omitted). However, in evaluating whether the *prima facie* standard has been satisfied, "the district court is not acting as a factfinder; rather, it accepts properly supported proffers of evidence by a plaintiff as true and makes its ruling as a matter of law." *Id.*

In the present case, Plaintiff did not oppose Defendants' request for dismissal. Plaintiff has not alleged that this Court has general or specific jurisdiction over CIGNA Corp. Furthermore, Plaintiff has made no effort to offer any proof which supports this Court's jurisdiction over CIGNA Corp. In addition, we find no facts on the record that suggest that this Court could exercise jurisdiction over CIGNA Corp. Moreover, we interestingly note that Plaintiff has not argued that a hearing should be held to determine this jurisdictional dispute.[2] Therefore, this Court holds that Plaintiff has not met its burden and demonstrated to this Court that jurisdiction may be exercised over CIGNA Corp. Since Plaintiff neither alleged nor proffered sufficient facts to permit the exercise of jurisdiction over CIGNA Corp., Plaintiff's claims against CIGNA Corp. will be dismissed.

### 3. *IU*

■■■ Finally, Defendants argue that Plaintiff's claims against IU should be dismissed because in the complaint Plaintiff did not proffer any allegations against IU. Generally, an ERISA plaintiff must comply with the notice of pleading requirement set forth in Federal Rule of Civil Procedure 8(a).[3] *In re Coca–Cola Enters., ERISA Litig.*, 2007 WL 1810211, at *4–5, 2007 U.S. Dist. LEXIS 44991, at *14–16 (N.D. Ga. June 19, 2007); *Thompson v. Linvatec Corp.*, 2007 WL 1526418, at *11, 2007 U.S. Dist. LEXIS 37711, at *35

---

2. In the complaint, Plaintiff states that "Cigna Corporation is an entity or corporation organized and existing under the laws Delaware and has its principal place of business at Philadelphia, PA. Cigna Corporation is the parent company of Cigna Group Insurance and Life Insurance Co of North America." (Docket No. 18, ¶ 2.3).

3. We interestingly note that several courts have stated that the heightened pleading requirements of Rule 9(b), although not generally applied to ERISA claims, must be met where the underlying allegations are grounded in fraud. *In re Coca–Cola Enters., ERISA Litig.*, 2007 WL 1810211, *5, 2007 U.S. Dist. LEXIS 44991, *15 (N.D. Ga. June 19, 2007)(citing *Concha v. London*, 62 F.3d 1493, 1502 (9th Cir.1995); *In re Fruehauf Trailer Corp.*, 250 B.R. 168, 206 (D.Del.2000); *In re*

*Ikon Office Solutions, Inc. Sec. Litig.*, 86 F.Supp.2d 481, 487–88 (E.D.Pa.2000); *Woods v. Southern Co.*, 396 F.Supp.2d 1351, 1360 (N.D.Ga.2005)). However, other courts have determined that a fiduciary claim brought under ERISA need only provide notice pleading, regardless of whether the claims are based on an underlying fraud. *Id.* at *5, 2007 U.S. Dist. LEXIS 44991, *16(citing *In re Cardinal Health, Inc. ERISA Litig.*, 424 F.Supp.2d 1002, 1015 (S.D.Ohio 2006); *In re Polaroid ERISA Litig.*, 362 F.Supp.2d 461, 469–70 (S.D.N.Y.2005); *In re AEP ERISA Litig.*, 327 F.Supp.2d 812, 822 (S.D.Ohio 2004); *In re ADC Telcoms., Inc. ERISA Litig.*, 2004 U.S. Dist. LEXIS 14383, 2004 WL 1683144, at *3 (D.Minn. July 26, 2004); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 284 F.Supp.2d 511, 652 (S.D.Tex.2003)).

(N.D.N.Y May 22, 2007); *Shannahan v. Dynegy, Inc.,* 2006 WL 3227319, at *6, 2006 U.S. Dist. LEXIS 80943, at *18–19 (S.D.Tex. Nov. 6, 2006). In order to comply with Rule 8(a), a complaint must contain "a short and plain statement of the claim that gave Defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Calvi v. Knox County,* 470 F.3d 422, 430 (1st Cir. 2006) (internal citations omitted).

Defendants aver that Plaintiff did not make any specific allegations against IU. However, in this ERISA case there is no heightened pleading requirement. In the complaint, Plaintiff stated that co-defendant IU was her employer during the time period relevant to her ERISA claim and the carrier of the Policy. Furthermore, Plaintiff stated with sufficient detail the factual basis for her ERISA claim. This certainly complies with Rule 8(a) because Defendants have been given fair notice of Plaintiff's claim. Consequently, this Court will not dismiss Plaintiff's claims against IU.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** in part and **DENIES** in part Defendants' Motion to Dismiss. (Docket No. 30). Only Plaintiff's claims against CIGNA Corp. and CIGNA Group shall be dismissed. Partial Judgment shall be entered accordingly.

IT IS SO ORDERED.