**Paul I. MURPHY, Plaintiff, Appellant,**

v.

**ERWIN–WASEY, INC., et al., Defendants, Appellees.**

**No. 71–1363.**

United States Court of Appeals, First Circuit.

Argued April 5, 1972.

Decided May 26, 1972.

J. Chester Webb, Waltham, Mass., with whom Webb, Webb & Martin, Waltham, Mass., was on brief, for appellant.

Edward N. Costikyan, New York City, with whom Paul, Weiss, Rifkind, Wharton & Garrison, New York City, was on brief, for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

This is an appeal from the district court's order dismissing a complaint for lack of personal jurisdiction over the defendants and for failure to join an indispensable party. The plaintiff, appellant here, is an advertising consultant. The principal defendants are Erwin-Wasey, Inc., an advertising agency, and Interpublic Group of Companies, Inc., Erwin-Wasey's parent corporation. The other defendants are formal parties, it being alleged that they are indebted to Erwin-Wasey and Interpublic. The plaintiff claims that he and Erwin-Wasey entered into a contract in 1954–55 under the terms of which Erwin-Wasey agreed to pay him three and one-third percent of its commissionable billings to the Compana Corporation for a product known as AYDS; that in consideration for these payments plaintiff agreed to serve as a consultant for the marketing of AYDS; and that subsequently the contract was extended to cover other Compana products. Plaintiff alleges that Erwin-Wasey and Interpublic intentionally misrepresented the true amount of the Compana billings and thereby deceived him into accepting less than he was entitled to receive for his services. He demands an accounting and monetary damages.

This is a diversity suit. Erwin-Wasey and Interpublic are foreign corporations with no principal place of business in Massachusetts, and our threshold

question is whether the district court had personal jurisdiction over the defendants. Plaintiff asserts jurisdiction under the Massachusetts long arm statute, M.G.L.A. ch. 223A, § 3.[1] The defendants strenuously contend that their contacts with the Commonwealth are insufficient to warrant application of this statute. They argue that the contract in issue was made in New York and that they have not committed any acts in Massachusetts which would render them amenable to the personal jurisdiction of its courts in a suit on the contract. Their argument is, however, wide of the mark because the complaint is framed as an action for fraud and deceit as well as in contract.

■ The full reach of the jurisdiction of Massachusetts courts under ch. 223A, § 3 has yet to be delineated by the Supreme Judicial Court. We are, therefore, required to interpret that chapter without such authoritative guidance, but only with the aid of opinions of courts in other states interpreting similar statutes. We are persuaded that, in the absence of any opinion by the Massachusetts courts to the contrary, Erwin-Wasey is subject to the in personam jurisdiction of the district court under § 3(c).

■■ Plaintiff alleges, in an affidavit, that "false statements have been made by letter and orally both face to face and in telephone conversations while I was in Massachusetts and elsewhere."[2] As corroboration, he offers evidence that in 1967 Erwin-Wasey

caused a check to be delivered to him in Massachusetts which, he claims, by implication fraudulently misrepresented the amount due. In deciding the jurisdictional question, we are required, in the absence of convincing evidence to the contrary, to accept these allegations as true. At the least, the district court should have asked plaintiff to make his allegations more specific, since, if plaintiff alleges that defendant's agents made misrepresentations to him personally within Massachusetts, defendant would without question be within the jurisdiction of the court. *See* Hoard v. United States Paint, Lacquer & Chem. Co., 44 Misc.2d 72, 253 N.Y.S.2d 89 (Sup.Ct. 1964). To provide guidance for the district court, should plaintiff's allegations be limited to a claim that defendant, in New York, communicated by mail or telephone false statements to plaintiff in Massachusetts, we proceed to consider whether such allegations would provide a sufficient basis for jurisdiction.

■ Section 3(c) gives to the Massachusetts courts jurisdiction over parties who cause "tortious injury by an act or omission in this commonwealth." This language is derived from the Uniform Interstate and International Procedure Act and represents an effort to resolve, legislatively, the type of conflict over the meaning of the term "tortious act within this state" which has developed between the Illinois and the New York courts. *Compare* Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961) *with*

---

1. "§ 3. *Transactions or conduct for personal jurisdiction*

"A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's

(a) transacting any business in this commonwealth;

(b) contracting to supply services or things in this commonwealth;

(c) causing tortious injury by an act or omission in this commonwealth;

(d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regu-

larly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;

(e) having an interest in, using or possessing real property in this commonwealth; or

(f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting."

2. While this allegation appears in a context which renders it somewhat ambiguous, we consider it sufficient for our purposes.

Feathers v. McLucas, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965). Section 3(c) is intended to apply only when the act causing the injury occurs within the Commonwealth. St. Clair v. Righter, 250 F.Supp. 148, 150–151 (W.D.Va. 1966); Commissioners' Note, Uniform Interstate and International Procedural Act, 9B Uniform Laws Annot. § 1.03. To give it any broader meaning would render § 3(d) a nullity. *See* Beaty v. M. S. Steel Co., 276 F.Supp. 259, 262 (D. Md.1967), aff'd, 401 F.2d 157 (4th Cir. 1968), cert. denied, 393 U.S. 1049, 89 S. Ct. 686, 21 L.Ed.2d 691 (1969). The question we must decide is whether the delivery in Massachusetts by mail or telephone of a false statement originating outside the state, followed by reliance in Massachusetts, is an "act . . . within this commonwealth."

The New York courts, which have interpreted the term "commission of a tortious act" in a way that makes the New York statute synonymous with § 3(c), have held that a defendant does not subject himself to jurisdiction under that language simply by shipping into New York and selling there a product defectively manufactured and mislabeled in another state which causes injury in New York. *See* Feathers v. McLucas, *supra*; Singer v. Walker, 15 N.Y.2d 443, 209 N.E.2d 68, 261 N.Y.S.2d 8, cert. denied, Estwing Mfg. Co. v. Singer, 382 U.S. 905, 86 S.Ct. 241, 15 L.Ed.2d 158 (1965). The Second Circuit, however, has held that the analogous Connecticut statute asserts jurisdiction over a New York publisher whose newspaper was distributed in Connecticut containing an article alleged to libel a Connecticut resident. Buckley v. New York Post Corp., 373 F.2d 175 (2d Cir. 1967). There the court pointed out that while sending a defective tool to a dealer as in *Singer* merely creates the condition from which damage might later arise, sending a libel into a state is indistinguishable from "the frequently hypothesized but rarely encountered gunman firing across a state line." *Id.* at 179.

We believe that the same is true of the mailing of a fraudulent misrepresentation into a state. We would be closing our eyes to the realities of modern ·business practices were we to hold that a corporation subjects itself to the jurisdiction of another state by sending a personal messenger into that state bearing a fraudulent misrepresentation but not when it follows the more ordinary course of employing the United States Postal Service as its messenger. *See* Parke-Bernet Galleries, Inc. v. Franklyn, 26 N.Y.2d 13, 308 N.Y.S.2d 337, 256 N.E.2d 506 (1970); R.F.D. Group Ltd. v. Rubber Fabricators, Inc., 323 F.Supp. 521 (S.D.N.Y.1971). Where a defendant knowingly sends into a state a false statement, intending that it should there be relied upon to the injury of a resident of that state, he has, for jurisdictional purposes, acted within that state.[3] The element of intent also persuades us that there can be no constitutional objection to Massachusetts asserting jurisdiction over the out-of-state sender of a fraudulent misrepresentation, for such a sender has thereby "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). We note, in this connection, that, under the controlling Massachusetts choice of law rule, substantive Massachusetts law will govern the adjudication of plaintiff's tort claim, *see* Doody v. John Sexton & Co., 411 F.2d 1119, 1121 (1st Cir. 1969), and that, therefore, Massachusetts is not an inconvenient forum.

Jurisdiction over Interpublic is another matter. Plaintiff asserts that Interpublic also has committed tortious acts within the Commonwealth by communicating with him in Cambridge

---

3. We are not persuaded by the view of one district court that the word "act" is strictly limited in meaning to physical acts, such as deposit in a mail box. St. Clair v. Righter, *supra*.

by telephone and mail and by tendering him a payment "in full & final settlement" there in October 1969. However, in view of the fact that it is clear from his allegation that plaintiff was not deceived by these acts, jurisdiction may not be asserted under § 3(c) at least insofar as the 1969 events are concerned. Plaintiff contends, however, that Interpublic is subject to the jurisdiction of the Massachusetts courts under § 3(a) because the cause of action arises from a transaction of business by Interpublic in Massachusetts, namely, the tender of payment for plaintiff's services. It is doubtful whether the Supreme Judicial Court would interpret "transacting any business" broadly enough to encompass a single tender of payment. New York and Illinois appear to require more. *See, e. g.,* M. Katz & Son Billiard Products, Inc. v. G. Correale & Sons, Inc., 20 N.Y.2d 903, 285 N.Y.S.2d 871, 232 N.E. 2d 864 (1967); Kramer v. Vogl, 17 N. Y.2d 27, 267 N.Y.S.2d 900, 215 N.E.2d 159 (1966); A. Millner Co. v. Noudar, Lda., 24 A.D.2d 326, 266 N.Y.S.2d 289 (1st Dep't. 1966); Grobark v. Addo Machine Co., 16 Ill.2d 426, 158 N.E.2d 73 (1959). In the absence of any clear direction from Massachusetts case law to the contrary,[4] we are not prepared to hold that a single tender of payment satisfies the requirements of § 3(a). We are particularly reluctant to do so here where it appears that the tendered check was Erwin-Wasey's rather than Interpublic's.

If these were plaintiff's only possible bases of jurisdiction, we would affirm the dismissal of the action with respect to Interpublic. The record before us,

however, intimates that Interpublic may have engaged in more persistent conduct in Massachusetts than the tender of a single check and that there may be a principal-agent relationship between Interpublic and Erwin-Wasey. The court below did not pursue these avenues because it appears to have expected the plaintiff to establish a strong factual basis upon which to predicate jurisdiction. In so doing it erred because all that is required at this early stage is that plaintiff plead facts sufficient to support jurisdiction. *Compare* United States v. Montreal Trust Co., 358 F.2d 239 (2d Cir.), cert. denied, 384 U.S. 919, 86 S.Ct. 1366, 16 L.Ed.2d 440 (1966) *with* Alosio v. Iranian Shipping Lines, S.A., 307 F.Supp. 1117 (S.D.N.Y.1970). Since the court below did not consider these issues, we remand the case to allow it to consider them in the first instance.

Finally, we address ourselves to the district court's dismissal of the complaint for failure to join an indispensable party. Defendants assert that they contracted with Paul I. Murphy Company of 550 Fifth Avenue, New York City, and not with Paul I. Murphy, individually;[5] that the Company is therefore an indispensable party; and that since the Company is "a New York entity of some sort," the case must be dismissed because its joinder would oust the court of jurisdiction. 3A Moore's Federal Practice ¶ 19.07 [1] n. 9 (1970). Plaintiff asserts that Paul I. Murphy Company is simply a name under which he does business, and at oral argument expressed a desire to amend his complaint to read Paul I. Murphy

---

4. In Wolfman v. Modern Life Ins. Co., 352 Mass. 356, 363, 225 N.E.2d 598 (1967) the Supreme Judicial Court interpreted the language "transaction of business" fairly broadly and found a foreign insurer subject to Massachusetts jurisdiction under M.G.L.A. ch. 175B, § 2(a) (4). In view of the special considerations which are recognized in problems of jurisdiction over insurers, we do not consider this case applicable to the issues before us. *See generally* De-

velopments in the Law—State Court Jurisdiction, 73 Harv.L.Rev. 909, 928 (1960). *See also* McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); M.G.L.A. ch. 175B, § 1.

5. The complaint is captioned "Paul I. Murphy, plaintiff," but much of the correspondence on which the contract is based was carried on in the name of Paul I. Murphy Company.

d/b/a Paul I. Murphy Company, plaintiff. Since there is nothing in the record to contradict plaintiff's assertion that Paul I. Murphy Company is not a distinct legal entity, it was error to hold it indispensable to this action. The interests of the absent unincorporated "Company" are adequately represented by its sole proprietor. Under Rule 17(b), Fed.R.Civ.P. capacity to sue is generally determined by the law of the forum. *See generally* 6 Wright & Miller, Federal Practice and Procedure, § 1564. Massachusetts law requires that an unincorporated association sue not in its own name but only in the name of its owners. *See* Adams v. Richardson, 268 Mass. 78, 80, 167 N.E. 254 (1929). Certainly the same is true of an unincorporated sole proprietorship, which may be nothing more than a name by which the proprietor does business. Thus the action was properly commenced in the name of the individual plaintiff, the real party in interest here. There is no harm, of course, in plaintiff's filing an amendment.

The order of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.