Robert A. KOLIKOF, Plaintiff,

v.

Sam SAMUELSON and Permaform Co., Ltd., Defendants.

Civ. A. No. 79–1305–C.

United States District Court, D. Massachusetts.

May 19, 1980.

Patrick F. Brady, Nutter, McClennen & Fish, Boston, Mass., for plaintiff.

Robert D. Paul, Daniel M. Crane, Goodwin, Procter & Hoar, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

In 1979 plaintiff Kilikof filed this action against defendant Permaform Co., Inc., (hereinafter Permaform), a Pennsylvania corporation with its principal place of business in Pennsylvania and against Permaform's president, defendant Samuelson, a Pennsylvania resident.

The complaint alleges that in 1976 defendant Samuelson, while he was in Pennsylvania, placed two telephone calls to the plaintiff in Massachusetts. Plaintiff further alleges that Samuelson tape recorded those conversations without the plaintiff's knowledge in violation of both the Massachusetts Interception of Wire and Oral Communications Act, Mass.Gen.Laws ch. 272 § 99Q and the Pennsylvania Wire Tapping and Electronic Surveillance Control Act, 18 Pa.Cons.Stat.Ann. § 5701 et seq. (Purdon). The matter is now before the Court on defendants' motion to dismiss. Defendants argue that this Court cannot exercise personal jurisdiction over them. Plaintiff maintains that the Court has jurisdiction pursuant to the provisions of subsections (a), (c) and (d) of the Massachusetts Long Arm Statute, Mass.Gen.Laws ch. 223A § 3.

### I. JURISDICTION PURSUANT TO MASS.GEN.LAWS CH. 223A § 3(a)

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's . . .

(a) transacting any business in this commonwealth.

Plaintiff asserts that this Court has jurisdiction pursuant to Section 3(a) because the defendant corporation through its president and another agent has been present in Massachusetts for the purpose of transacting business.

Even assuming however for purposes of this motion, that Samuelson and Permaform have been present in Massachusetts for the purpose of transacting business,

that presence does not provide the basis for the jurisdiction of this Court under Subsection (a) of the Massachusetts Long Arm Statute unless the cause of action set forth in the complaint arises from those very transactions. As stated above this cause of action arises from the tape recording of two telephone calls from defendant Samuelson in Pennsylvania to the plaintiff in Massachusetts and not from any business transacted in Massachusetts. Thus, Mass.Gen. Laws ch. 223A § 3(a) confers no jurisdiction upon this Court.

## II. JURISDICTION PURSUANT TO MASS.GEN.LAWS CH. 223A § 3(c)

A Court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's  .   .   .

(c) causing tortious injury by an act or omission in this commonwealth.

■ Plaintiff maintains that Section 3(c) provides a basis for this Court's jurisdiction over the defendants. In so doing plaintiff relies heavily on *Murphy v. Erwin-Wasey, Inc.*, 460 F.2d 661 (1st Cir. 1972). In that decision the Court of Appeals for this Circuit ruled that if "a defendant knowingly sends into a state a false statement, intending that it should there be relied upon to the injury of a resident of that state, he has, for jurisdictional purposes, acted within that state." *Id.* at 664. This Court is of the opinion that plaintiff's reliance on *Murphy,* is misplaced because the facts upon which that opinion was based and those alleged in the case at bar are readily distinguishable.

In a misrepresentation case such as *Murphy,* the nature of the information transmitted across state lines is a crucial element of the alleged tort since it is the words themselves which are intended to bring about the injury. Indeed in *Murphy*, the Court of Appeals compared a sender of false statements into Massachusetts from a point outside the state to a hypothetical gunman firing bullets across state lines. *Id.* at 664. In the case at bar however no "bullet" has been fired into Massachusetts

to cause injury therein. In fact, the words which passed betweeen plaintiff and defendant Samuelson are not relevant to the issue of liability. If plaintiff establishes that the conversations were recorded by the defendants in Pennsylvania without plaintiff's knowledge, the statutory remedies are available to him no matter how innocent the content of the conversation. The only act necessary to establish the tort therefore occurred in Pennsylvania.

■ Even more significantly, the tort of misrepresentation is not accomplished by false statements alone. The commission of the tort is not complete until the misinformation is relied upon. Thus in *Murphy*, not only was the content of the communications sent into Massachusetts significant but also one essential element of the tort—reliance—had allegedly occurred within Massachusetts.

■ Additionally, in order to commit the tort of misrepresentation a tortfeasor must 1) know that he is making a false statement and 2) intend to induce reliance of his victim. In *Murphy*, the Court relied on the intent aspects of the tort of misrepresentation in order to overcome any constitutional objections which might otherwise have applied.

The element of intent also persuades us that there can be no constitutional objection to Massachusetts asserting jurisdiction over the out-of-state sender of a fraudulent misrepresentation, for such a sender has thereby "purposefully avail[ed] itself of conducting activities within the forum State, thus invoking the benefits and protections of its laws."

*Id.* at 664 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). To establish liability u nder the statutes asserted in the case at bar however the plaintiff need not establish any bad faith on the part of the defendants; the physical act of recording is enough.

For the reasons set forth above therefore, I rule that the tortious act alleged in the instant case did not occur in Massachusetts within the meaning of Section 3(c).

## III. JURISDICTION PURSUANT TO MASS.GEN.LAWS CH. 223A· 3(d)

A Court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's . . .

(d) causing tortious injury in this commonwealth . . . if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this commonwealth.

Plaintiff maintains that this Court has jurisdiction over the two Pennsylvania defendants on the basis of Section 3(d) of the Massachusetts Long Arm Statute. While the complaint clearly alleges that defendants caused tortious injury in Massachusetts by recording the two telephone conversations in Pennsylvania, plaintiff must also satisfy this Court that each of the two defendants, regularly does or solicits business in Massachusetts or engages in any other persistent course of conduct in Massachusetts or derives substantial revenue from goods used or services rendered in Massachusetts.

### A. Defendant Permaform

■ Defendant Permaform is a Pennsylvania corporation with its principal place of business in Pennsylvania which manufactures and sells kitchen countertops for sale to wholesale customers both in Pennsylvania and in other states including Massachusetts. Permaform employs a service representative who lives in the State of Connecticut and solicits business in the New England states. In the past three yers at least 3.2% of Permaform's total sales have been made in Massachusetts either by Permaform itself or through one of its customers. These Massachusetts sales have totalled between $57,498 and $141,018 in each of those years.

On the basis of the foregoing, I rule that because Permaform regularly does nor solicits business in Massachusetts and derives substantial revenue from goods used in Massachusetts, this Court has personal jurisdiction over Permaform pursuant to Mass.Gen.Laws ch. 223A § 3(d).

### B. Defendant Samuelson

■ Defendant Samuelson in his capacity as President of Permaform has entered Massachusetts on three occasions since 1976. Prior to that time he visited Massachusetts on an average of one visit every three to four years. Those infrequent visits together with the two telephone calls which gave rise to this action are his only contacts with Massachusetts. Plaintiff argues that this Court may exercise personal jurisdiction over the defendant under Section 3(d) on the basis of those contacts. Although the complaint does allege that defendant Samuelson caused tortious injury in Massachusetts, I rule that the contacts between Samuelson and Massachusetts are not sufficient to satisfy any one of the three criteria set forth in subsection (d) of the Massachusetts Long Arm Statute. Nor are they sufficient to satisfy the "minimum contacts" test set forth in *International Shoe v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Because the criteria of Mass.Gen. Laws ch. 223A § 3(d) have not been satisfied as to defendant Samuelson, and because for this Court to exercise jurisdiction over him would not satisfy "traditional notions of fair play and substantial justice," *International Shoe v. Washington, supra* at 316, 66 S.Ct. at 158; *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940), I rule that this Court does not have personal jurisdiction over defendant Samuelson.

### C. Conclusion

The Massachusetts Long Arm Statute, Mass.Gen.Laws ch. 223A § 3 does not provide a basis for jurisdiction over defendant Samuelson therefore his motion to dismiss should be allowed.

Mass.Gen.Laws ch. 223A § 3(d) does provide a basis for jurisdiction over the defendant Permaform. Its motion to dismiss should be denied.

Order accordingly.