**Vincent SMIRZ, et al., Plaintiffs,**

v.

**FRED C. GLOECKNER & COMPANY, Defendant and Third–Party Plaintiff,**

v.

**BIO–ENERGY SYSTEMS, CO., et al., Third–Party Defendants,**

v.

**SAUNIER–DUVAL EAU CHAUDE/ CHAUFFAGE, S.A., Fourth– Party Defendant.**

**Civ. No. 88–0274–B.**

United States District Court, D. Maine.

March 20, 1990.

---

Earle S. Tyler, Jr., Milbridge, Me., for plaintiffs.

Christopher M. Kennedy and Sidney St. F. Thaxter, Curtis, Thaxter, Stevens, Broder & Micoleau, Portland, Me., for defendant and third-party plaintiff.

Stephen C. Whiting, Hewes, Douglas, Whiting & Quinn, Portland, Me., for third-party defendants.

Glenn H. Robinson, Hunt, Thompson & Bowie, Portland, Me., for fourth-party defendant.

## MEMORANDUM OF DECISION AND ORDER DENYING THIRD–PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

GENE CARTER, Chief Judge.

Third–Party Defendants have filed a Motion for Summary Judgment alleging that the Court lacks personal jurisdiction over them pursuant to the Maine Long–Arm Statute, 14 M.R.S.A. § 704–A. The Court finds that it may exercise "specific" personal jurisdiction over Third–Party Defendants because the quality and quantity of Third–Party Defendants' contacts with Maine, coupled with the fact that this action arises out of crisis related to Third–Party Defendants' contacts with Maine, make the exercise of *in personam* jurisdiction reasonable and just. Thus, Third–Party Defendants' Motion for Summary Judgment will be denied.

For the purposes of Third–Party Defendants' motion, the uncontroverted facts of the case may be summarized as follows. In 1985, Plaintiffs, Maine residents, purchased a commercial greenhouse and greenhouse heating system from Third–Party Plaintiff, a New York corporation. Third–Party Plaintiff contracted with Third–Party Defendants (herein referred to collectively as Bio–Energy), New York corporations, to supply Plaintiffs with a customized heating system to correspond with the particular greenhouse and Plaintiffs' Maine location. Bio–Energy designed a heating system and shipped it to Maine.

When the heating system allegedly malfunctioned, a Bio–Energy employee twice went to Maine to attempt to fix the system. A new heating system was installed in the spring of 1987. Plaintiffs filed suit against Third–Party Plaintiff seeking compensation for loss of business income, including, *inter alia*, compensation for the loss of their crops, lost profits for crops they could not plant, and additional operating costs. Third–Party Plaintiff subsequently filed a third-party claim for indemnification against Bio–Energy.

Third–Party Plaintiff seeks indemnification from Bio–Energy pursuant to the following legal theories: Count 1, breach of contract; Count II, breach of express warranties; Count III, breach of implied warranties; Count IV, negligence in distributing a defective heating system; Count V, negligence in designing the heating system; Count VI, negligence in diagnosis and repair of the heating system; and Count VII, strict product liability. In response to Third–Party Plaintiff's complaint, Bio–Energy filed its Motion for Summary Judgment seeking dismissal of the action, without prejudice, on the ground that the Court may not exercise *in personam* jurisdiction over Bio–Energy. Third–Party Plaintiffs' subsequently filed a Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, claiming that Bio–Energy's motion is frivolous.[1]

### Discussion

■ The Court's exercise of *in personam* jurisdiction in a diversity action must

---

1. Since these motions were filed, Plaintiffs have amended their complaint to include Third–Party Defendants. The Court's exercise of *in personam* jurisdiction is not adversely affected by Plaintiff's amended complaint, and, indeed, Maine's interest in this litigation is strengthened by Plaintiffs', Maine residents, amended complaint.

be authorized by state statute and must conform to federal due process requirements. *Jones v. North American Aerodynamics, Inc.*, 594 F.Supp. 657, 659 (D.Me. 1984). The Maine long-arm statute, 14 M.R.S.A. § 704–A, is co-extensive with the permissible exercise of *in personam* jurisdiction permitted by the due process clause of the Fourteenth Amendment to the United States Constitution.[2] 14 M.R.S.A. § 704–A; *Harriman v. Demoulas Supermarkets, Inc.*, 518 A.2d 1035, 1036 (Me. 1986).

Pursuant to the due process clause, the Court may exercise *in personam* jurisdiction only over a defendant who has established meaningful contacts with the forum state. *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 471–72, 105 S.Ct. 2174, 2181, 85 L.Ed.2d 528 (1985); *International Shoe Company v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 159, 90 L.Ed. 95 (1945). In order for the Court to exercise specific jurisdiction, the claim or cause of action must arise out of or be related to a defendant's forum contacts and the defendant must have purposefully directed his activities at residents in the forum state.[3] *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 472–75, 105 S.Ct. 2174, 2181–83, 85 L.Ed.2d 528 (1985). The exercise of specific jurisdiction also requires that the Court analyze the relationship between defendant, forum, and the litigation to determine whether the exercise of *in personam* jurisdiction would be "reasonable and just, according to our traditional conception of fair play and substantial justice." *See Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984); *International Shoe Company v. Washington*, 326 U.S. 310, 316, 320, 66 S.Ct. 154, 158, 160, 90 L.Ed. 95 (1945).

Third–Party Plaintiff's claim clearly arises out of or is related to Bio–Energy's Maine contacts. Almost all of the counts of Third–Party Plaintiff's complaint relate to the alleged failure of the heating system Bio–Energy custom designed for a Maine location and shipped directly to Maine. In addition, the count for negligent failure to fix the system arises directly from Bio–Energy's sending of an employee to Maine to fix the heating system.[4] Thus, Third–Party Plaintiff's claim clearly arises out of or relates to Bio–Energy's forum contacts.

Bio–Energy's forum contacts satisfy the minimum contacts requirement because Bio–Energy purposely directed its activities to residents in Maine. Bio–Energy custom designed a heating system for use in Maine, presumably taking into account, *inter alia*, Maine weather conditions and the type of greenhouse Plaintiffs had pur-

---

2. The Maine statute reads in pertinent part:

   (1) ... This section, to insure maximum protection to citizens of this State, shall be applied so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the United States Constitution, 14th Amendment.

   (2) ... Any person ... who ... does any of the acts hereinafter enumerated in this section, thereby submits such person ... to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

   . . . . .

   I. Maintain any other relation to the State or to persons or property which affords a basis for the exercise of jurisdiction by the courts of this State consistent with the Constitution of the United States.
   14 M.R.S.A. § 704–A.

3. Where a suit does not arise out of or is not related to a defendant's forum contacts, the Court must analyze the jurisdictional issue pursuant to a general jurisdiction analysis. *Helicopteros*, 466 U.S. at 414 n. 9, 104 S.Ct. at 1872 n. 9. The Court may exercise general jurisdiction only a where defendant's forum activities rise to the level of being "continuous and systematic." *Perkins v. Benguet Consolidated Mining Company*, 342 U.S. 437, 448, 72 S.Ct. 413, 419, 96 L.Ed. 485 (1952). *See also, Helicopteros*, 466 U.S. at 416, 104 S.Ct. at 1873; *Glater v. Eli Lilly & Company*, 744 F.2d 213, 216 (1st Cir. 1984). Thus, the standard for specific jurisdiction is considerably less stringent than that for general jurisdiction. *See, e.g., Glater*, 744 F.2d at 216.

4. Bio–Energy argues that the Court should not consider the negligent repair allegation for the purposes of *in personam* jurisdiction because it has subsequently moved for summary judgment on this count. The Court need not address this argument since Bio–Energy's Motion for Summary Judgment on the negligent repair allegation is denied in this Court's memorandum of law issued concurrently with this opinion.

chased. Thus, because the heating system was designed for Maine and Bio–Energy, itself, shipped the system to Maine, it cannot be said to be a fortuitous or random event that caused the heating system to end up in Maine. In addition, when problems occurred, a Bio–Energy employee twice attempted to fix the system in Maine. In light of these undisputed facts, Bio–Energy purposely directed its activities to the Plaintiffs in Maine.

In addition, Bio–Energy's Maine contacts satisfy specific provisions of the Maine long-arm statute. Third–Party Plaintiff alleges that the negligent repair occurred in Maine and that Bio–Energy negligently designed and distributed the heating system. The Maine Long–Arm statute notes that anyone who "doing or causing a tortious act to be done, or causing the consequences for a tortious act to occur within this State" submits to jurisdiction as to any cause of action arising from the doing of such acts. 14 M.R.S.A. § 704–A(2)(B). Clearly, Third–Party Plaintiff's claim alleges both that a tort was done in Maine and that Bio–Energy's tortious activity caused consequences in Maine. Therefore, Bio–Energy's contacts also satisfy these specific provisions in the Maine statute.[5]

Although there clearly exists sufficient minimum contacts for the Court to exercise *in personam* jurisdiction over Bio–Energy, the Court must still analyze the relationship between defendant, forum, and the litigation to determine whether the exercise of *in personam* jurisdiction would be "reasonable and just, according to our traditional conception of fair play and substantial justice." *Helicopteros Nacionales de Columbia v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984); *International Shoe Company v. Washington,* 326 U.S. 310, 316, 320, 66 S.Ct. 154, 158, 160, 90 L.Ed. 95 (1945). However, because Bio–Energy purposefully directed its activities

toward Maine, it shoulders the burden of providing compelling evidence as to why the Court's exercise of jurisdiction would be unreasonable. *Burger King,* 471 U.S. at 477, 105 S.Ct. at 2184. Bio–Energy has failed to make such a showing, and, indeed, the relationship among Bio–Energy, Maine, and this suit manifests the desirability of the Court's exercise of *in personam* jurisdiction.

Bio–Energy's conduct—the custom designing, delivering, and fixing of a Maine greenhouse heating system—is such that it "should reasonably [have] anticipate[d] being haled into court [in Maine]." *World–Wide Volkswagen Corporation v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). The burden on Bio–Energy of having to defend this suit in Maine rather than in New York, therefore, while not trivial, could have reasonably been anticipated. Furthermore, Maine has an interest in this litigation because it is interested in deterring tortious acts and the consequences of tortious acts from occurring in Maine. Restatement (Second) Conflict of Laws § 36, comment c.

Finally, the relationship of Bio–Energy and Maine to the litigation warrants the exercise of *in personam* jurisdiction. A major issue in the suit is whether the heating system designed, distributed and repaired by Bio–Energy was defective. The evidence on this important issue is primarily in Maine. Furthermore, it is in the interest of judicial economy to have Third–Party Plaintiff's indemnity action litigated along with Plaintiffs' action. Thus, the Court finds that its exercise of *in personam* jurisdiction over Bio–Energy is fair and comports with traditional notions of substantial justice and fair play. The Court further finds that Third–Party Defendants' Motion for Summary Judgment, while not meritorious, does not warrant Rule 11 sanctions.

---

5. The exercise *in personam* jurisdiction over a defendant who commits a tort within the forum state also comports with the due process clause. *See Murphy v. Erwin–Wasey, Inc.,* 460 F.2d 661, 663 (1st Cir.1972); Restatement (Second) Conflict of Laws § 36; C. Wright & A. Miller, *Federal Practice and Procedure,* Civil § 1069 (2d ed. 1987). In addition, where a defendant commits

a tort causing consequences in the forum state, a court may exercise *in personam* jurisdiction over the defendant if it would be reasonable and just in accordance with the due process clause to do so. *See Simkins Corporation v. Gourmet Resources International,* 601 F.Supp. 1336, 1340–41 (E.D.Pa.1985); Restatement (Second) Conflict of Laws § 36.

Accordingly, it is ORDERED that Third–Party Defendants Motion for Summary Judgment be, and it is hereby, DENIED.