880 P.2d 743

Willy Bernhard BILS, a married man, in his sole and separate capacity, Plaintiff/Appellant,

v.

NIXON, HARGRAVE, DEVANS & DOYLE, a partnership; Margaret Clemens, a single woman; Bob Meserve; Peter Woods; William Eggers; ABC Corporation, aka Credit Bureau Affiliates, Inc., dba Credit Bureau of Geneva, a New York corporation; Susan Gonzalez, a married woman, in her sole and separate capacity, Defendants/Appellees.

No. 2 CA–CV 93–0255.

Court of Appeals of Arizona, Division 2, Department B.

July 29, 1994.

Redesignated as Opinion Aug. 30, 1994.

Ethan Steele, Tucson, for plaintiff/appellant.

Slutes, Sakrison, Even, Grant & Pelander, P.C. by Tom Slutes and Michael B. Smith, Tucson, for defendants/appellees.

## OPINION

DRUKE, Chief Judge.

Plaintiff/appellant Willy Bils brought this action against several out-of-state defendants alleging negligent and willful violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681.

At the time of the alleged tortious conduct giving rise to his complaint, appellant was involved in litigation against his ex-wife in New York regarding a child-visitation dispute. Appellee Nixon, Hargrave, Devans & Doyle, a New York law firm, through its employees, appellees Margaret Clemens, Peter Woods, and William Eggers, represented the ex-wife. According to the complaint, these appellees procured a copy of appellant's credit report from appellee Credit Bureau Affiliates, Inc., a New York corporation. The complaint further alleged that appellee Robert Meserve, an investigator for the appellee law firm, used the report at the direction of the attorneys in an attempt to discover information to use against appellant in the visitation litigation. Specifically, appellant alleged that Meserve called David Fruchtman, an Arizona resident, whose name appeared on the credit report, seeking any information the firm could use against appellant.

Appellant alleged that the conduct of the various appellees in providing, obtaining, and using the credit report for such purpose constituted negligent and/or willful violations of the Fair Credit Reporting Act, which provides for civil liability for noncompliance.[1] The trial court granted defendants/appellees' motion to dismiss for lack of personal jurisdiction and Bils appealed. Because the alleged conduct of appellees was intentionally directed at an Arizona resident and was calculated to cause injury here, we find the trial court erred in dismissing the complaint and we reverse.

## STANDARD OF REVIEW

■ Appellees do not dispute that the acts as alleged constitute actionable violations of federal law or that the telephone call from

Meserve to Fruchtman occurred. While they concede only that the call was "to garner information about [appellant's] employment so that his child support arrearage could be brought current," any dispute regarding the purpose of the call creates a substantive rather than a jurisdictional factual issue and is to be left for the jury. *See Land v. Dollar*, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); *Bonner v. Minico, Inc.*, 159 Ariz. 246, 766 P.2d 598 (1988) (trial court may resolve traditional jurisdictional issues including disputed issues of fact but parties retain right to jury trial on merits). Because the necessary jurisdictional facts are not disputed, however, we review the trial court's ruling *de novo* to determine the proper application of the law to those facts. *Swichtenberg v. Brimer*, 171 Ariz. 77, 828 P.2d 1218 (App.1991).

## DISCUSSION

■ Due process requires a nonresident defendant to have sufficient minimum contacts with the forum state such that the exercise of long-arm jurisdiction does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278, 283 (1940)). In addition, a defendant's conduct and connection with the forum state must be such that the defendant may reasonably anticipate that the activity may subject him or her to the forum state's jurisdiction. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). As our supreme court recognized in *Batton v. Tennessee Farmers Mutual Ins. Co.*, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." 153 Ariz. 268, 271, 736 P.2d 2, 5 (1987) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283, 1298 (1958)). The

---

1. The complaint also named the ex-wife as a defendant who was dismissed with the others for lack of personal jurisdiction in Arizona. Be- cause appellant makes no argument that she was improperly dismissed, we affirm the dismissal as to her only.

connection "between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State." *Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102, 112, 107 S.Ct. 1026, 1032, 94 L.Ed.2d 92, 104 (1987).

In *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), Jones brought a libel action in California against a national publication and its editor based in Florida. The defendant editor had only been to California twice, neither time related to the alleged libelous article. The Supreme Court upheld the lower court's assertion of jurisdiction finding that the defendant's intentional conduct in editing the article, although performed in Florida, was calculated to cause injury to the plaintiff in her home state of California. The Court distinguished between the general untargeted negligence of an actor unexpectedly felt in a foreign state and the defendant's actions expressly aimed at the plaintiff in California. Under the circumstances, the Court found that the defendant could "reasonably anticipate being haled into court" in California. 465 U.S. at 790, 104 S.Ct. at 1487, 79 L.Ed.2d at 812 (quoting *World–Wide Volkswagen*, 444 U.S. at 297, 100 S.Ct. at 567, 62 L.Ed.2d at 501).

Similarly, in *Pegler v. Sullivan*, 6 Ariz. App. 338, 432 P.2d 593 (1967), this court found that the actions of a nonresident publisher and producer of an allegedly libelous television show broadcast in Arizona were sufficient to confer personal jurisdiction in Arizona where the broadcast caused injury to an Arizona resident. The court reasoned that, in a libel action, the injury necessarily occurs where the plaintiff resides, in this case, in Arizona. Accordingly, the court found that the defendants had voluntarily and purposefully caused an event to occur in Arizona, subjecting them to personal jurisdiction here.

■ By its enactment of the Fair Credit Reporting Act, congress sought to insure "respect for the consumer's right to privacy" and expressly created a private right of action for willful and negligent violations of the act. 15 U.S.C. § 1681(a)(4), 1681n and

1681o. The gravamen of an action for the invasion of the right to privacy is "the injury to the feelings of the plaintiff, the mental anguish and distress...." *Reed v. Real Detective Pub. Co.*, 63 Ariz. 294, 305, 162 P.2d 133, 139 (1945). Here, appellant alleges appellees' conduct violated his right to privacy causing him to suffer emotional injuries including "nervousness, sleeplessness, anguish, embarrassment, humiliation, anger, intestinal and gastric distress, loss of concentration, anxiety, and other distress." As in *Pegler,* appellant's residence is in Arizona and so are his "sensibilities." 6 Ariz.App. at 341, 432 P.2d at 596. Accordingly, the only place an "event" can occur constituting a violation of appellant's right to privacy is Arizona. Because the alleged conduct of appellees was intentionally directed at an Arizona resident and was calculated to cause injury to him here, their contacts were sufficient to confer personal jurisdiction.

■ Appellees contend that they have not purposefully created a "substantial connection" to Arizona but that "the only reason Defendants had any contact with Arizona was because of ongoing divorce and child custody litigation between [the ex-wife] and Plaintiff Bils in New York." However, it was not appellant's involvement in the New York litigation that created the cause of action, but appellees' alleged deliberate, improper procurement and use of his credit information against him.

■ Appellees further contend that, whether or not their conduct meets the "minimum contacts" requirement for jurisdiction, their dismissal should nonetheless be affirmed as jurisdiction over them in Arizona would be unreasonable. *See, e.g., Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Their general allegations as to the inconvenience of defending the suit in Arizona, however, do not constitute compelling evidence, *see Brainerd v. Governors of the University of Alberta*, 873 F.2d 1257 (9th Cir.1989), sufficient to satisfy their burden of establishing unreasonableness of the jurisdiction. *See Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191 (9th Cir.1988). Nor are we persuaded

that "the interests of the New York courts clearly outweigh those of the Arizona courts." *See Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984).

Finally, we decline to award fees to appellant absent a determination on the merits of appellees' liability. 15 U.S.C. § 1681*o*(2) provides for an award of attorney's fees only against a "consumer reporting agency or user of information which is negligent in failing to comply" with the statute. Likewise, § 1681n(2) provides for fees to be assessed against a party for willful noncompliance.

The trial court's order is affirmed as to appellee Gonzalez only and is reversed as to the remaining appellees. Appellant's request for attorney's fees on appeal shall abide the outcome in the trial court. *See* § 1681n(2) and 1681*o*(2).

ESPINOSA, P.J., and HATHAWAY, J., concur.