Mary LIU, Plaintiff,

v.

Gerard A. DEFELICE, d/b/a
GAD Investigative Services
Company, Defendant.

No. Civ.A. 97–11084–MEL.

United States District Court,
D. Massachusetts.

July 15, 1998.

John Roddy, Grant & Roddy, Boston, MA, for Plaintiff.

David M. O'Connor, O'Connor & Jantzen, Boston, MA, for Defendant.

## MEMORANDUM AND ORDER

LASKER, District Judge.

This case arises from an alleged invasion of privacy. Plaintiff Mary Liu maintains that Gerard A. DeFelice accessed privileged credit information relating to her without her authorization. DeFelice, a New York resident, moves pursuant to Fed.R.Civ.Proc. 12(b)(2) to dismiss for lack of personal jurisdiction. The motion is denied.

### I.

On November 4, 1996, Liu received a copy of her credit report from Trans Union Corporation.[1] The report indicated an inquiry made by DeFelice on July 31, 1996. Liu had never authorized this inquiry, and the record contains no legitimate reason for his having accessed her credit information. The federal Fair Credit Reporting Act (FCRA) and the state Consumer Credit Reporting Act "insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). The state consumer reporting act is similarly concerned with ensuring that in order to protect consumer privacy, consumer reports are furnished only under limited circumstances. M.G.L. ch. 93 § 51. Liu contends that DeFelice violated these statutes, and the state consumer protection law, M.G.L. ch. 93A, by accessing her confidential records.

DeFelice has no ongoing relationship with Massachusetts—of a business or personal nature—which would subject him to general personal jurisdiction. All of his business activities take place in New York. DeFelice's place of business is located in New York, and he has no office in Massachusetts. As indicated in defendant's affidavit, DeFelice made his on-line request for information from a computer terminal in New York. The credit reporting company from which DeFelice obtained the information, Trans Union Corporation, is located in New York.

DeFelice argues that the Massachusetts long-arm statute does not confer jurisdiction over him because there is no allegation that he entered or contacted Massachusetts in the course of allegedly obtaining Liu's credit information. Liu contends that DeFelice's actions fall within the ambit of M.G.L. ch. 223A § 3(c) which requires that an act be performed within the Commonwealth.

A Massachusetts federal district court may exercise specific jurisdiction over non-resident defendants if: (1) jurisdiction is authorized by the Massachusetts long-arm statute, M.G.L. ch. 223A § 3, and (2) the exercise of jurisdiction comports with constitutional due process requirements. *See Systemation, Inc. v. Engel Industries, Inc.*, 992 F.Supp. 58, 59 (1997). Plaintiff asserts jurisdiction pursuant to M.G.L. ch. 223A § 3(c) which allows a court to:

> exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's . . . causing tortious injury by an act or omission in this commonwealth . . .

M.G.L. ch. 223A § 3(c). Although Liu recognizes that DeFelice's actions did not literally occur within Massachusetts, she argues that because he directed them at her, his actions were effectively performed here.

### II.

#### Statutory Provisions

Only one court within the First Circuit has addressed the issue of personal jur-

---

1. The following facts are taken from the parties' submissions. All allegations by plaintiff, and un-contested allegations by defendant, are accepted as true.

isdiction over a non-resident defendant in the FCRA context. In *Rivera v. Bank One,* 145 F.R.D. 614, (D.P.R., 1993), the court held the exercise of jurisdiction to be proper where an Ohio bank refused to correct false information on the credit report of a Puerto Rico resident. Similar to § 3(c) of the Massachusetts statute, the Puerto Rico long-arm statute allows jurisdiction over a defendant who "[p]articipated in tortious acts within Puerto Rico personally or through his agent...." Puerto Rico R.Civ.P.Rule 4.7(a)(2). The *Rivera* Court found this provision could be satisfied by tortious acts committed outside the jurisdiction where the defendant knew that the effects of his actions "were going to be felt specifically" in Puerto Rico. *Rivera,* 145 F.R.D. at 620.

> [J]urisdiction may be asserted under 4.7(a)(2) where a defendant ... commits a tortious act within or without the Commonwealth that he knows or reasonably should know will cause injury within Puerto Rico.

*Id.* at 620 (quoting *Mangual v. General Battery Corp.,* 710 F.2d 15, 19 (1st Cir.1983)).

Massachusetts courts have applied a similar rationale. *Murphy v. Erwin–Wasey,* 460 F.2d 661, 664 (1st Cir.1972) (holding that a non-resident defendant who knowingly sent false information about billing commissions into Massachusetts via U.S. mail in order to deceive the plaintiff into accepting a lower percentage than was due him, was subject to specific jurisdiction). The *Murphy* court's analysis rests on the recognition that modern business practices justify the situs of injury to be within the state even though the defendant caused the injury without physically entering the state.

> We would be closing our eyes to the realities of modern business practices were we to hold that a corporation subjects itself to the jurisdiction of another state by sending a personal messenger into that state bearing a fraudulent misrepresentation but not when it follows the more ordinary course of employing the United States Postal Service as its messenger.

*Id.* at 664. *Murphy's* rationale applies with equal force to the present case as in *Murphy.* As in *Murphy,* it would be just as irrational to hold that DeFelice could be held liable for an act of his agent in Massachusetts, but not for his own action which was bound to have an identical result.

It is true that in *Kolikof v. Samuelson,* 488 F.Supp. 881 (D.C.Mass., 1980), Judge Caffrey held that M.G.L. ch. 223A § 3(c) did not confer jurisdiction over the president of a Pennsylvania corporation who allegedly tape recorded from Pennsylvania two telephone conversations between himself and the plaintiff in Massachusetts. However, Judge Caffrey himself held that the case was factually distinguishable from *Murphy,* and *Kolikof* has probably been superseded by the Supreme Court in *Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) discussed below.

Assuming the allegations of the complaint are true—and they are not contradicted by anything submitted by defendant—it is reasonable to conclude that DeFelice knew his actions would have specific impact in Massachusetts. Plaintiff represents that Trans Union Corporation requires the valid name, address, and social security number of a person in order to access that individual's credit report. The input of this information demonstrates DeFelice's understanding that he was acting in relation to a Massachusetts resident. The FCRA's purpose is consistent with a rule that jurisdiction may be exercised here. DeFelice's actions are a statutorily defined invasion of privacy offense. 15 U.S.C. § 1681q; M.G.L. c. 93, § 66. Congress allows consumers to enforce FCRA violations through private rights of action. 15 U.S.C. § 1681o. To disallow personal jurisdiction in cases such as the case at hand would frustrate Congressional objectives. Persons wishing to access confidential credit information illegally could exploit jurisdictional limitations by using investigators located in states other than those where their victims reside.

Comparable cases in other states that have denied jurisdiction are distinguishable. *See Stover v. O'Connell Associates, Inc.,* 84 F.3d 132, 134 (4th Cir.1996) (no jurisdiction over a New York private investigation firm which obtained information about a Maryland resident from a credit reporting agency); *Texas Guaranteed Student Loan Corp. v. Ward,*

696 So.2d 930, 932, (Fla.App. 2 Dist., 1997) (holding that a similar long-arm statute did not confer jurisdiction over a creditor who allegedly made misrepresentations to credit reporting agencies). Neither jurisdiction shares Massachusetts' focus on the substantive nature of the tort involved rather than the more formalistic consideration of the location of the parties. Moreover, in *Stover*, it is not even clear that the defendant acquired privileged credit information. *Stover*, 84 F.3d at 134.

### Constitutionality

■ The construction of M.G.L. ch. 223A § 3(c), as applicable to the facts of this case, meets constitutional muster. Due process requires that the defendant "reasonably anticipate being haled into court" in the state seeking to exercise jurisdiction. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). DeFelice could so anticipate. In *Calder*, an entertainer and California resident sued two Florida journalists "claiming that she had been libeled in an article written and edited by [them] in Florida and published in the National Enquirer...." *Calder*, 465 U.S. at 783, 104 S.Ct. 1482. Although the defendants lacked any other contacts with California, the Court held that jurisdiction was proper because the defendants' "intentional ... actions were expressly aimed at California.... [The defendants] knew that the brunt of that injury would be felt by respondent in the State in which she lives and works...." *Id.* at 789–90, 104 S.Ct. 1482. Similarly, DeFelice directed his acts towards this Commonwealth, and knew that any injury would be felt by Liu in Massachusetts. See also *Bils v. Nixon, Hargrave, Devans & Doyle*, 179 Ariz. 523, 880 P.2d 743 (Ariz.App. Div. 2, 1994), in which the Arizona courts exercised jurisdiction over a New York defendant who allegedly invaded the privacy of an Arizona resident by violating the FCRA. The court stated that the defendants' "contacts were sufficient to confer personal jurisdiction" because their alleged conduct "was intentionally directed at an Arizona resident and was calculated to cause injury to him here...." *Id.* at 526, 880 P.2d 743. The *Bils* case is factually almost identical to the case

at hand; in both cases jurisdiction comports with constitutional due process requirements.

\* \* \* \* \* \*

DeFelice's acts subject him to personal jurisdiction under the Massachusetts long-arm statute M.G.L. ch. 223A § 3(c). His actions, although performed without physical entrance into the Commonwealth, were intentionally directed at, and caused injury to, a Massachusetts resident. Personal jurisdiction also comports with constitutional due process requirements.

**DeFelice's Motion to Dismiss for Lack of Personal Jurisdiction is denied.**

**It is so ordered.**