Troy, Paul E., J.
After hearing and consideration, the court finds that the plaintiff, Krishelle, Ltd. (“Krishelle”) has made a prima facie showing of personal jurisdiction over the defendant, Marine Diesel Specialists, Inc. (“MDS”), and therefore MDS’s motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(2) is DENIED. While MDS does not transact business in the Commonwealth sufficient to satisfy the requirements of G.L.c. 223A, §3(a), Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 153 (1978), the court finds that it has caused tortious injuiy in Massachusetts and therefore personal jurisdiction can be asserted pursuant to G.L.c. 223A, §3(c).
When a defendant knowingly makes misrepresentations, intending that the resident of the forum state should rely on these misrepresentations, he has, for jurisdictional purposes, acted within that state. Murphy v. Erwin-Wasey, Inc., 460 F.2d 661, 663 (1st Cir. 1972). Fraudulent misrepresentation is a sufficient *693 basis for jurisdiction pursuant to G.L.c. 223A, §3(c). LaVallee v. Parrot-Ice Drink Prod, of Am., 193 F.Sup.2d 296, 300 (D.Mass. 2002). The intent element also satisfies the constitutional requirements of due process, since the defendant has purposefully availed himself of the privilege of doing business within the forum state, thereby invoking the benefits and protections of its laws. Id. Thus he can reasonably anticipate being hailed into court in the forum. Landmark Bank v. Machera, 736 F.Sup. 375, 385 (D.Mass. 1990). In the absence of evidence to the contrary, this court must take the plaintiffs supported allegations as true and resolve factual disputes in his favor. Id. at 380.
In his affidavit of March 17, 2005, which is not controverted in the record, Kenneth M. Goldberg, President of Krishelle, Ltd., avers that MDS voluntarily recommended the Massachusetts dealer that evaluated and repaired the Intramarine. MDS also intentionally misrepresented to Krishelle that it would stand behind its work and reimburse Krishelle for all expenses incurred in that repair. Krishelle relied upon MDS’s assurances and repaired the Intramarine. Subsequently, MDS refused to reimburse Krishelle. MDS’s intentional misrepresentation and subsequent failure to compensate Krishelle to Krishelle’s detriment satisfies the requirements of both G.L.c. 223A, §3(c) and constitutional due process. See Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 5 (1979).
Furthermore, when a court has jurisdiction over one count in a multi-count complaint, is has jurisdiction with respect to all other counts that arise from the same common nucleus of operative fact. Home Owners Funding Corp. of Am v. Century Bank, 695 F.Sup. 1343, 1345 (D.Mass. 1988); Figawi v. Horan, 16 F.Sup.2d 74, 77 (D.Mass. 1998).[2] In the case at bar, Krishelle claims that MDS negligently serviced the Intramarine, causing deterioration and failure of its engine, and then failed to honor its promise to reimburse Krishelle for all costs of repair. All Krishelle’s claims arise out the allegedly negligent servicing of the Intramarine, and the court can assert personal jurisdiction with respect to all counts.
ORDER
It is therefore ORDERED that the defendant’s motion to dismiss for lack of personal jurisdiction pursuant to Mass.R.Civ.P. 12(b)(2) be DENIED as to all counts.

In Figawi, the District Court for the District of Massachusetts found that the plaintiff had made a prima facie showing of personal jurisdiction on a claim for fraudulent misrepresentation, but not on all the other claims since they did not arise from the same common nucleus of operative fact. 16 F.Sup. at 80.